[Civ. No. 22828.   Second Dist., Div. One.   Nov. 7, 1958.]

FRANCES AGNEW, Appellant, v. FLOYD ROSWELL PARKS et al., Defendants; JOHN C. WILSON, Respondent.

Montgomery G. Rice for Appellant.

Farrand, Fisher & Farrand for Respondent.

FOURT, J.—This is a motion for dismissal of an appeal with prejudice as to John C. Wilson, defendant and respondent, on the ground that any purported claim or cause of action

upon which appellant might seek recovery against said deceased defendant and respondent or his estate has been barred by appellant's failure to comply with the provisions of Probate Code, section 709; or, in the alternative, for an abatement of proceedings as to said defendant and respondent.

Probate Code, section 709, provides as follows: "If an action is pending against the decedent at the time of his death, the plaintiff must in like manner file his claim with the clerk or present it to the executor or administrator for allowance or rejection, authenticated as required in other cases; and *no recovery shall be had in the action unless proof is made of such filing or presentation.*" (Emphasis added.)

It is also contended that plaintiff's claim alleged an "injury to property" within the meaning of Probate Code, section 707, which provides as follows: "All claims arising upon contract, whether they are due, not due, or contingent, and all claims for funeral expenses and all claims for damages for physical injuries or death or injury to property or actions provided for in Section 574 of this code, must be filed or presented within the time limited in the notice or as extended by the provisions of Section 702 of this code; and any claim not so filed or presented is barred forever, unless it is made to appear by the affidavit of the claimant to the satisfaction of the court or a judge thereof that the claimant had not received notice, by reason of being out of the State, in which event it may be filed or presented at any time before a decree of distribution is rendered. The clerk must enter in the register every claim filed, giving the name of the claimant, the amount and character of the claim, the rate of interest, if any, and the date of the filing."

The provisions of Probate Code, section 702, are as follows: "An affidavit showing due publication of the notice must be filed with the clerk within 30 days after the completion of the publication. The affidavit shall contain a copy of the notice and shall state the date of its first publication. Final distribution shall not be decreed unless it is shown that notice to creditors has been duly given. If the affidavit is not filed until after such 30-day period, the time to file or present claims shall be extended for a period equal to the period of default in such filing, but not to exceed six months from the date of such filing."

A partial chronology of pertinent dates in the case before us is as follows:

April 20, 1953—The fifth amended complaint was filed;

April 11, 1953—Minute order was entered sustaining demurrer to first cause of action without leave to amend and overruling demurrer to second cause of action;

September 4, 1953—Answer of defendant John C. Wilson to second cause of action was filed, to which a supplemental defense was subsequently filed;

July 6, 1956—Motion of defendant John C. Wilson for a nonsuit was granted;

August 30, 1956—Plaintiff filed her notice of appeal;

January 9, 1957—John C. Wilson died testate;

February 1, 1957—Last will of John C. Wilson was admitted to probate;

February 6, 1957—Letters testamentary were issued in estate of John C. Wilson;

February 8, 1957—First publication of notice to creditors was made;

March 1, 1957—Affidavit showing due publication of notice was filed (within 30 days after completion of the publication);

August 21, 1958—Appellant's opening brief was filed;

August 28, 1958—This motion for dismissal was filed;

September 11, 1958—Written stipulation was entered into extending the time of the executor of the estate of John C. Wilson for filing a reply brief for 30 days beyond the period prescribed in the rules.

This action clearly was and is pending within the meaning of that term as defined in Code of Civil Procedure, section 1049, which provides: "ACTIONS, WHEN DEEMED PENDING. An action is deemed to be pending from the time of its commencement until its final determination upon appeal, or until the time for appeal has passed, unless the judgment is sooner satisfied."

Appellant failed to authenticate and file or present her claim in the prescribed manner, a requirement which cannot be waived. (*Hurlimann* v. *Bank of America*, 141 Cal.App. 2d 801, 806 [297 P.2d 682].) The time within which to do so has now elapsed, and appellant's right to recovery in this action has been foreclosed by reason of appellant's noncompliance with this statutory procedure.

Counsel have presented no authority squarely deciding whether such a claim as that before us constitutes an "injury to property" within the meaning of Probate Code, section 707, and accordingly has been forever barred by reason of appellant's failure to make a timely presentation of her claim.

■ In *Hunt* v. *Authier,* 28 Cal.2d 288 [169 P.2d 913, 171 A.L.R. 1379], an action for wrongful death was declared to constitute an "injury to property" within the meaning of Probate Code, section 574, the court stating (at p. 296), "It follows that wherever a plaintiff has sustained an injury to his 'estate' whether in being or expectant, as distinguished from an injury to his person, such injury is an injury to 'property' within the meaning of that word in the present statute." In arriving at its conclusion in *Hunt* v. *Authier, supra,* the court referred to *Ponsonby* v. *Sacramento Suburban Fruit Lands Co.,* 210 Cal. 229, and commented thereon at page 295 [291 P. 167], as follows: "The court held that damages resulting from fraud and deceit was an injury to property, considered in the sense of a lessening or diminution of the plaintiff's estate." In *Hunt* v. *Authier, supra,* the court also referred to *Leavitt* v. *Gibson,* 3 Cal.2d 90 [43 P.2d 1091], and stated (at pp. 295 and 296): "The action in that case was for damages for fraud and deceit, and although there was no direct damage to tangible property this court expressed the opinion that the compensatory portion of the damages to the plaintiff's 'estate,' as distinguished from those merely punitive, would be recoverable against a deceased tort feasor's estate."

■ The principal item of purported damages claimed to have been sustained by appellant is based upon Civil Code, section 3294, which provides as follows: "In an action for the breach of an obligation not arising from contract, where the defendant has been guilty of oppression, fraud, or malice, express or implied, *the plaintiff, in addition to the actual damages, may recover damages for the sake of example and by way of punishing the defendant."* (Emphasis added.)

In *Hunt* v. *Authier, supra,* the court in referring to the case of *Evans* v. *Gibson,* 220 Cal. 476 [31 P.2d 389], which held that a cause of action for damages for deceit survived against the tortfeasor's estate, commented (at p. 295) as follows: "The court expressly distinguished the items of damage to property interest from those which were exemplary or punitive, holding that the latter did not survive since the purpose thereof was to punish the tort feasor and deter him from the commission of like wrongs in the future, and the reason therefor ceased to exist upon his death. There should be no distinction between injuries to property in cases of fraud and deceit, which are tortious acts, and injuries to property rights in other cases of tortious acts such as wrongful death." (See

also *Western Mortgage etc. Co.* v. *Gray,* 215 Cal. 191 [8 P.2d 1016, 80 A.L.R. 866].)

In *Casey* v. *Katz,* 114 Cal.App.2d 391 [250 P.2d 291], an action for malicious prosecution of a battery action was held to be an "injury to property" under the terms of Probate Code, section 707. In *Moffat* v. *Smith,* 33 Cal.2d 905 [206 P.2d 353], the court in mentioning that it was following the rule established in *Hunt* v. *Authier, supra,* in an action for damages sustained in an automobile collision insofar as such damages related to loss of future potential earnings held the action to be for an "injury to property."

By analogy to the above-cited cases, the instant action can properly be classified as constituting an "injury to property" within the meaning of Probate Code, section 707.

There has been no timely presentation of a claim against decedent's estate in the pending action, and appellant is now forever barred in the presentation of her claim against decedent's estate. The defect cannot be cured, and under such circumstances, the motion to dismiss in effect is the equivalent of a contention that the complaint does not state a cause of action, which may be raised at any stage of the proceeding. (*Halbert* v. *Berlinger,* 127 Cal.App.2d 6, 15 [273 P.2d 274].)

The motion to dismiss the appeal with prejudice as to John C. Wilson, defendant and respondent, is granted.

White, P. J., and Lillie, J., concurred.