[Civ. No. 26822. First Dist., Div. Three. Aug. 13, 1970.]

PAUL E. MOYER, Plaintiff and Appellant, v.
HARRY N. HOOK et al., Defendants and Respondents.

## COUNSEL

Spurr, Brunner & Nelson and George L. Nelson for Plaintiff and Appellant.

Thomas C. Lynch, Attorney General, Robert L. Bergman and J. L. Henderson, Jr., Deputy Attorneys General, for Defendants and Respondents.

## OPINION

**DRAPER, P. J.**—Appellant asserts that he sustained personal injuries by reason of wrongful diagnosis and treatment by two employees of Mendocino State Hospital during the period February 2 through August 24, 1961. It was not until April 15, 1968 that he filed with the State Board of Control his application for leave to file a late claim, attaching to it a copy of the proposed claim. This application was denied by the board May 21, 1968. On June 18, appellant filed in the superior court his petition for leave to file late claim. The trial court denied his petition. He appeals.

██ Appellant's claim is not against the state, but against two employees of Mendocino State Hospital. But the proper filing of a claim against the public entity is a condition precedent to action against the employees (Gov. Code, § 950.2, and Law Revision Commission comments thereon).

Under the claims statute, the claim must be filed within 100 days after accrual of the cause of action (Gov. Code, § 911.2). If it is not so filed, an application for leave to file the claim may be made, but must be filed "within a reasonable time not to exceed one year after the accrual of the cause of action" (Gov. Code, § 911.4). If the application for leave to file the late claim is denied, the claimant may petition the court for such relief (Gov. Code, § 946.6, subd. (a).) The court, however, may permit late filing only if the application to the public entity "was made within a reasonable time not to exceed one year after the accrual of the cause of action" (Gov.

Code, § 946.6, subd. (c).) Here the application to the state board of control was made some six and one-half years after the latest date on which appellant claims to have sustained personal injuries. Appellant, however, asserts that he was "mentally incapacitated" until October 1, 1967, and that this suspends running of his time to file claim.

▪ The code section relied upon by appellant (Code Civ. Proc., § 352) tolls, during certain disabilities, only the running of the period for filing "an action." It does not apply to the filing of a claim against a public entity (*Artukovich* v. *Astendorf*, 21 Cal.2d 329 [131 P.2d 831]). It is quite true that an "action against a public entity . . . for which a claim is required to be presented" (Code Civ. Proc., § 342) is "mentioned" in chapter three of that code, and thus is subject to section 352 (*Williams* v. *Los Angeles Met. Transit Authority*, 68 Cal.2d 599, 602 [68 Cal.Rptr. 297, 440 P.2d 497]). But *Williams* deals only with the "action" which must be commenced within a limited time after rejection of a claim which itself was timely (Gov. Code, § 945.6). The *Williams* claim was timely filed (p. 601). *Williams* does not extend the time for filing a claim, but only that for commencement of an action by the filing of the complaint. The decision does not disapprove *Artukovich,* but specifically recognizes its rule. The distinction between action and claim is emphasized by the statement (p. 608) that "[b]ecause plaintiff must timely comply with the claims procedures (*Artukovich* v. *Astendorf, supra,* 21 Cal.2d 329), the public entity will be afforded the opportunity to investigate promptly the minor's claim. . . ." If there be anomaly in tolling of only the statute of limitations and not the running of the time to file claim, the concurring opinion in *Williams* makes clear that it was considered by the court in its holding.[1]

As demonstrated above, the claim against the state was made long after expiration of the maximum time allowed by the claims statute.

Order affirmed.

Caldecott, J., concurred.

**BROWN (H. C.), J.**—I agree with the majority opinion that the Legislature's enactments compel both infants and insane persons to comply with

[1]We note the recent decision (*Los Angeles City School Dist.* v. *Superior Court,* 9 Cal.App.3d 459 [88 Cal.Rptr. 286]) filed after oral argument herein. The true holding in that case, however, is upon facts readily distinguishable from those before us. There, the application to the public body for leave to file late claim was presented only 17 days beyond the 100-day period, and well within one year. Here, such application was made far more than one year after the injury.

the Government Code sections relative to the filing of claims against public entities. (Gov. Code, § 900 et seq.)

It is interesting to note that the Legislature in 1970 reaffirmed this policy by amending Code of Civil Procedure section 352, which section tolled the statute of limitations as to incompetents and minors, and added subdivision (b) which provides: "This section does not apply to an action against a public entity or public employee upon a cause of action for which a claim is required to be presented in accordance with Chapter 1 (commencing with Section 900) or Chapter 2 (commencing with Section 910) of Part 3, or Chapter 3 (commencing with Section 950) of Part 4, of Division 3.6 of Title 1 of the Government Code. This subdivision shall not apply to any claim presented to a public entity prior to January 1, 1971." (Stats. 1970, ch. 104; see also 1969 amendments to Gov. Code, § 910.8 et seq.)

This amendment (Code Civ. Proc., § 352, subd. (b)) thus renders nugatory the Supreme Court's decision in *Williams* v. *Los Angeles Met. Transit Authority,* 68 Cal.2d 599 [68 Cal.Rptr. 297, 440 P.2d 497], in future cases.

It would seem that to require an infant or a hopelessly insane person to meet the requirements of the Government Code claims section is, in fact, demanding the performance of an impossible act and would be contrary to the long established policies of both the Legislature and the courts to protect minors and incompetents. It is also possible that such legislation is in violation of due process requirements under our Constitution. This seems especially true where the public entity (as the court found here) is not prejudiced by the delay. (See *Gonzales* v. *County of Merced,* 214 Cal.App.2d 761, 766 [29 Cal.Rptr. 675]; *Viles* v. *State of California,* 66 Cal.2d 24, 32 [56 Cal.Rptr. 666, 423 P.2d 818].)

Many cases have recognized the manifest injustices of denying an injured person relief for his injury inflicted by a public entity where the gravity of that injury itself so disabled him that he was unable to present the claim within the required statutory period. Such cases have held that where the very injury for which he seeks recovery has prevented him from making a timely filing, or a filing within a reasonable time after he is able to do so is a sufficient compliance within the statute. The theory of these cases is that the public entity is estopped to assert the defense when its negligent act proximately caused the conditions preventing the filing. (See *Schulstad* v. *City & County of San Francisco,* 74 Cal.App.2d 105, 107 [168 P.2d 68], citing cases; also *Rand* v. *Andreatta,* 60 Cal.2d 846 [36 Cal.Rptr. 846, 389 P.2d 382]; *McGranahan* v. *Rio Vista etc. School Dist.,* 224 Cal.App.2d 624, 631 [36 Cal.Rptr. 798], hear. den.)

The record here, however, discloses that appellant recognized that he had a claim and that he wrote numerous letters pertaining to it. The trial court was not impressed with his allegations that the negligence of the hospital employee rendered him incompetent to make the claim. It is concluded that the record does not support the theory of estoppel as in *Schulstad* v. *City & County of San Francisco, supra.*

Subject to the comments herein, I concur with the majority of the court that the order be affirmed.