[Civ. No. 26395. First Dist., Div. Two. Sept. 21, 1970.]

BERNICE BILLUPS, Plaintiff and Appellant, v.
CHARLOTTE TIERNAN et al., Defendants and Respondents.

### COUNSEL

Carl B. Shapiro for Plaintiff and Appellant.

Fields, Roos & McBride, Stuart M. Gordon, Lawrence G. Lossing, W. C. Bacon, and Bacon, Stone, O'Brien & Hammond for Defendants and Respondents.

### OPINION

**TAYLOR, J.**—Plaintiff, Bernice Billups (hereafter Bernice), individually and as the guardian ad litem of her minor son Anthony, appeals from a judgment decreeing that her individual cause of action is barred by Code of Civil Procedure section 340, and that the minor's cause of action is barred by his failure to file a creditor's claim pursuant to Probate Code sections 700 and 707. The contentions on appeal are that: 1) the dismissal of the minor's prior action for want of prosecution pursuant to Code of Civil Procedure section 583 is not a bar to the minor's present action; 2) the minor's

action was not barred by his failure to comply with section 700 of the Probate Code, as his cause of action was preserved by Code of Civil Procedure section 352; 3) Bernice's individual action is not barred by the statute of limitations (Code Civ. Proc., § 340, subd. 1); and 4) the trial court erred in dismissing the action with prejudice as to Charlotte Tiernan.

The basic facts are not in dispute. On September 19, 1958, Anthony, who was then about 4 years old, sustained personal injuries while playing near a truck-trailer owned by Frank C. Tiernan, doing business as Tiernan Drayage Company, a copartnership (hereafter Tiernan Drayage) and leased to respondent, Allied Textile Company (hereafter Allied Textile). On November 28, 1958, Bernice, as guardian ad litem, filed action No. 484560 against Tiernan Drayage and Allied Textile. On April 25, 1960, Frank C. Tiernan died, and his widow, Charlotte Tiernan, was named as executrix of his estate (hereafter respectively Frank and Charlotte). Pursuant to Probate Code section 700, Frank's estate first published the requisite notice to creditors on June 13, 1960. No claim by or on behalf of Anthony was filed in the estate of Tiernan. Frank's estate was finally distributed to Charlotte in 1961, pursuant to Probate Code section 1020.

On July 29, 1964, action No. 484560 was dismissed for failure to prosecute within the mandatory five-year period of Code of Civil Procedure section 583. On August 13, 1964, the complaint in the instant matter, No. 546213, was filed against Allied Textile, Tiernan Drayage, a copartnership consisting of Frank and Charlotte, Frank individually, and Charlotte, both individually and as executrix of Frank's estate. The complaint alleged several causes of action: the first, individually on behalf of Bernice for general and special damages sustained as the result of the injury to Anthony; the second and third, as guardian ad litem on behalf of Anthony. The court found the facts substantially as stated above and entered its judgment decreeing that: 1) Anthony's action against Tiernan Drayage, Frank, Frank's estate and Charlotte, as executrix, was barred by the failure to file a creditor's claim as required by Probate Code sections 700 and 707; 2) Bernice's individual action was barred by Code of Civil Procedure section 340, subdivision 1; and 3) the causes of action against Charlotte should be dismissed, as she was not a copartner of Frank, doing business as Tiernan Drayage, merely because the business was community property.

■ We turn first to the question of whether the action on behalf of Anthony is barred because of the dismissal of the identical prior action, pursuant to Code of Civil Procedure section 583. A similar question arose in *Van Buskirk* v. *Todd,* 269 Cal.App.2d 680 [75 Cal.Rptr. 280], where the prior paternity support action of the guardian ad litem was dismissed at the last moment to prevent a mandatory dismissal on the motion of the defend-

ant. The court there held that the minor can refile[1] through the same representative and that the statute of limitations continues to be tolled pursuant to section 352 of the Code of Civil Procedure, which provides, so far as pertinent: "If a person entitled to bring an action, *mentioned* in chapter three of this title, be, at the time the cause of action accrued, . . . . 1. Under the age of majority . . . the time of such disability is not a part of the time limited for the commencement of the action." (Italics added.)

▮ The next question is whether, as appellant contends, section 352 tolls the mandatory claim filing requirements of Probate Code sections 700 and 707. The question is one apparently never before faced by an appellate court of this state. In 1970, section 352 was amended to specifically exclude actions against public entities for which a claim is required to be presented in accordance with Government Code sections 900 or 910 (Stats. 1970, ch. 104). As recently indicated by Division Three of this court in *Moyer* v. *Hook,* 10 Cal.App.3d 491 [89 Cal.Rptr. 234], this amendment renders nugatory the effect of *Williams* v. *Los Angeles Metropolitan Transit Authority,* 68 Cal.2d 599 [68 Cal.Rptr. 297, 440 P.2d 497], here cited by appellant, in cases concerning claims presented to a public entity after January 1, 1971. Since the Legislature has not seen fit to extend the policy of Code of Civil Procedure section 352 to claims against public entities, we cannot read into Code of Civil Procedure section 352 an exception to the long standing claims requirements of the Probate Code.

Section 700 of the Probate Code, as amended in 1968, requires the executor or administrator to publish the notice to creditors and requires all persons having claims against the deceased to file or present their claims within four months[2] after the first publication of the notice. Section 707 provides, so far as pertinent, that "all claims for damages for injuries to . . . a person . . . must be filed or presented within the time limited in the notice or as extended by the provisions of Sections 702[3] and 709 . . . and any claim not so filed or presented is barred forever . . . unless . . . the claimant had not received notice, by reason of being out of the state . . . ." ▮ The filing of the probate claim is a condition precedent for initiating a tort action for personal injury allegedly caused by the negligence of the decedent (*Orth* v.

---

[1]We see no basis for distinguishing the *Van Buskirk* case simply because therein the dismissal was voluntarily made by the plaintiff, while here it was taken on motion of defendant. As the court pointed out, the plaintiff's action in *Van Buskirk* was taken under the threat that the defendant's motion for mandatory dismissal would be granted.

[2]Prior to the amendment by Statutes of 1968, chapter 81, section 1, the period was six months.

[3]Section 702 provides for extension of the six-month period of section 700 under certain circumstances not applicable here.

*Superior Court,* 244 Cal.App.2d 474, 479 [53 Cal.Rptr. 156, 25 A.L.R.3d 1348]), and the provisions of section 707 cannot be waived (*Pearson* v. *Norton,* 230 Cal.App.2d 1 [40 Cal.Rptr. 634]). This general rule against waiver, based on the fiduciary capacity of the representative who must protect the estate (*Hurlimann* v. *Bank of America,* 141 Cal.App.2d 801 [297 P.2d 682]), is applicable only where prior to the filing, the executor has knowledge of the claim and concedes its merit (*Satterfield* v. *Garmire,* 65 Cal.2d 638 [56 Cal.Rptr. 102, 422 P.2d 990]).

 It is here argued that the minor's action against Frank's estate falls within the exception created by *Satterfield* v. *Garmire, supra,* or section 709 of the Probate Code. *Satterfield* is clearly not in point as it is limited to its special facts. Our Supreme Court said at page 645: "We reiterate that generally it is not within the authority of an executor or administrator to waive formal presentation of a claim. But we conclude he may do so where this congeries of circumstances exists prior to the expiration of the period for filing a claim: he has knowledge of the claim and concedes its merit save only as to the specific sum; the estate is protected by insurance coverage exceeding the amount of the claim; and waiver results in relinquishment of no substantial benefit of or causes no detriment to the heirs or legatees."

Section 709 of the Probate Code is set forth in full below,[4] including the

---

[4]"If an action is pending against the decedent at the time of his death, the plaintiff must in like manner file his claim with the clerk or present it to the executor or administrator for allowance or rejection, authenticated as required in other cases; and no recovery shall be had against decedent's estate in the action unless proof is made of such filing or presentation; provided, if the action which is pending is an action for damages and the decedent was insured therefor and the insurer has accepted the defense of the cause and an appearance has been made in such action on behalf of the decedent, no claim shall be required except for amounts in excess of or not covered by such insurance; provided, further, *if any action* is pending against *the decedent* at the time of his death and a claim based on such action is not filed or presented within the prescribed period, the court may thereafter allow filing of said claim on such terms as may be just and equitable, upon the claimant's verified petition and notice of hearing given pursuant to Section 1200, if it finds that the claim was not filed or presented previously because neither the claimant nor his attorney had actual knowledge of the decedent's death at least 15 days prior to the expiration of the prescribed period for filing or presenting the claim, but any property distributed or payment made under court order before notice of such petition shall not be subject to the claim.

"No relief shall be granted unless the petition is filed within a reasonable time after discovery of decedent's death and in any event within one year after the expiration of said prescribed period, and before petition for final distribution has been filed.

"If, at the time of filing the petition hereunder, assets of the estate have been paid to general creditors or some thereof or have been distributed by decree of preliminary distribution to heirs, devisees or legatees (in either case after expiration of the prescribed time for claims), and it appears that the filing and later establishment of the claim, in the circumstances, would cause or tend to cause unequal treatment between

1969 amendment, which made no change significant here.[5] ▮▮ For the same reasons that the personal administrator cannot waive the statute of limitations, the authentication and filing or presentation of the claim in the manner prescribed by section 709 cannot be waived (*Agnew* v. *Parks,* 164 Cal.App.2d 837 [331 P.2d 184]).

▮▮ Here, no showing was made below that the minor's cause of action against Frank's estate and his heirs falls within either of the specific exceptions created by section 709 of the Probate Code. The statute clearly sets forth the particular circumstances in which a plaintiff's failure to file a claim under section 700 subjects the estate to liability to the extent of the available insurance. The first exception requires that the action in question *be pending at the time of death,* insurance, acceptance of the defense of the cause by the insurer, and an appearance on behalf of the decedent—the second, *the action pending at the time of death,* and a petition for a hearing prior to final distribution of the estate. *The instant action was not pending at the time of Frank's death,* as it was not filed until several months later, and the record before us does not disclose that the other requirements specified in the exceptions to section 709 were proved or otherwise established.

We are aware of *Los Angeles City Sch. Dist.* v. *Superior Court,* 9 Cal. App.3d 459 [88 Cal.Rptr. 286], a case of first impression, holding that the six-month period of Government Code section 946.6 was tolled during the plaintiff's minority by the operation of Code of Civil Procedure section 352. However, the court observed that section 946.6 is not a claims statute, the purpose of which is to give the public entity an opportunity to pass upon the validity of a claim before it is judicially evaluated. Section 946.6 merely provides, in pertinent part, that *where leave to present a claim against a public entity is denied,* the plaintiff may petition for judicial relief within six months. As the court in the *Los Angeles* case, *supra,* noted: "Plaintiff does not dispute that section 946.6 can only be asserted by a minor, *who can satisfy the court that he has complied with those sections dealing with the presentment of claims.* (Gov. Code, §§ 910, 911.2, 911.4 and 911.6.) Our courts have so held. *Williams* v. *Los Angeles Met. Transit Authority, supra; Ridley* v. *City etc. of San Francisco* (1969) 272 Cal.App.2d 290 . . . ; *Artuko-*

heirs, devisees, legatees or creditors, then permission to file the claim shall be denied." (Italics added.) (Amended by Stats. 1959, ch. 1815, § 1; Stats. 1965, ch. 1593, §2; Stats. 1969, ch. 431, § 1.)

[5]The 1969 amendments italicized above substituted "if any action is" for "that if an appearance has been made on behalf of the decedent in an action" which was added in 1965, and substituted "the decedent" for "him," which was also added in 1965.

*vich v. Astendorf* (1942) 21 Cal.2d 329 . . ." (Italics added.)[6] (*Moyer* v. *Hook, supra.*)

■ Probate Code section 707, unlike Government Code section 946.6, is clearly a "claims statute," intended to insure that the legally appointed representative of the deceased will be notified of all claims within a reasonable period of time so that the estate may be expeditiously settled and distributed to the legatees or heirs (*Satterfield* v. *Garmire, supra,* p. 641). The statute "implements the long established policy of requiring prompt presentation of claims against the estate of a decedent. When a man dies the state intervenes and administers the estate through its probate court and an executor or administrator for the protection of the creditors and the heirs." (*Hurlimann* v. *Bank of America,* 141 Cal.App.2d 801, 805 [297 P.2d 682].)[7] As decedents' estates must be settled and distributed, the failure to present a timely claim against the estate is incurable (*Agnew* v. *Parks,* 164 Cal.App.2d 837 [331 P.2d 184]). The decree of distribution, when it becomes final, is conclusive as to the rights of heirs, devisees (Prob. Code, § 1021) and legatees, even if erroneous (*Estate of Buckhantz,* 159 Cal.App.2d 635 [324 P.2d 317]).

Since the minor's cause of action must fail for the reasons indicated above, it is not necessary to discuss the contentions of the guardian ad litem that her individual cause of action survived because joined to that of the minor.

We turn to the trial court's dismissal of Anthony's action against Charlotte individually and as a partner of Frank. The court found that although Charlotte had community property rights in her husband's business, she did not meet the factual prerequisites for a partner. ■ Apparently, the court applied the well recognized rule that some degree of participation by partners in management and control of the business is one of the primary elements of partnership (*Greene* v. *Brooks,* 235 Cal.App.2d 161, 166 [45 Cal. Rptr. 99]). Mere common ownership of property or common interest in a business does not of itself establish a partnership (Corp. Code, § 15507, subd. (b)(I) and (IV)). ■ Furthermore, the question of partnership is one of fact (*Pearson* v. *Norton,* 230 Cal.App.2d 1 [40 Cal.Rptr. 634]). Appellant has chosen to take an appeal on the judgment roll and has, therefore, not brought before this court the transcript of the entire proceedings below and

---

[6]*Williams* and the *Los Angeles School Dist.* cases are applicable here as the 1970 amendment of Code of Civil Procedure section 352, discussed above, renders these cases nugatory only prospectively.

[7]*Hurlimann* v. *Bank of America, supra,* held that Probate Code section 707 must be complied with even in cases where the statute of limitations does not become operative until the injury is discovered (Code Civ. Proc., § 340, subd. 3). In *Newhall* v. *Newhall,* 227 Cal.App.2d 800 [39 Cal.Rptr. 144], the court required compliance with section 707 before liability for either past or future child support could be imposed on a husband's estate.

has not raised any contentions concerning the sufficiency of the evidence. Accordingly, we conclude that this issue has been decided conclusively in favor of Charlotte (*Kadota Fig Assn.* v. *Case-Swayne Co.,* 73 Cal.App.2d 796 [167 P.2d 518]).

The judgment is affirmed.

Shoemaker, P. J., and David, J.,* concurred.

A petition for a rehearing was denied October 21, 1970, and appellant's petition for a hearing by the Supreme Court was denied December 10, 1970. Peters, J., Tobriner, J., and Mosk, J., were of the opinion that the petition should be granted.

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.