[No. C021686. Third Dist. Oct. 30, 1995.]

WALTER BALLOON et al., Petitioners, v.
THE SUPERIOR COURT OF SACRAMENTO COUNTY, Respondent;
TIFFANY RODWAY, Real Party in Interest.

**COUNSEL**

Porter, Scott, Weiberg & Delehant, Ned P. Telford, Darren W. Epps, Bailey & Brown and Michael D. Dazey for Petitioners.

No appearance for Respondent.

John M. Riestenberg and Richard K. Hosey for Real Party in Interest.

## OPINION

**SPARKS, Acting P. J.**—The sole question presented by this writ petition is whether running of the one-year period allowed by Government Code section 12960 for the filing of an administrative complaint under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.) was tolled during the plaintiff's minority by application of Code of Civil Procedure section 352, or on equitable grounds. We hold it was not.

Petitioners, Walter Balloon, WVB Enterprises, Inc., and Foodmaker, Inc., collectively doing business as Jack In The Box, and Hargit Singh (hereafter defendants), are the former employers and supervisors of Tiffany Rodway, real party in interest (hereafter plaintiff). Plaintiff's complaint in the underlying superior court action seeks damages for alleged sexual harassment and discrimination in her employment, in violation of the FEHA. Defendants moved for summary judgment on the ground that plaintiff had not exhausted her administrative remedies. They contended that she failed to comply with the requirement of Government Code section 12960 that she file a complaint with the Department of Fair Employment and Housing (DFEH) within one year after the last alleged unlawful act.[1] The superior court denied defendants' motion, and they now seek review of that order in this court by way of a petition for writ of mandate, as authorized by Code of Civil Procedure section 437c, subdivision (*l*). We conclude that defendants are entitled to summary judgment on plaintiff's FEHA claim, and shall grant the requested relief.

Plaintiff was employed at defendants' Jack In The Box restaurant from February to September 1990, when, according to her DFEH complaint, the prohibited acts occurred. During the time she worked for defendants, plaintiff was 15 or 16 years old. Plaintiff's 18th birthday fell on August 17, 1992. She filed her administrative complaint on August 13, 1993, within one year after reaching the age of majority, but nearly three years after her employment had terminated, which was the last possible date on which the alleged

---

[1]Government Code section 12960 provides in relevant part: "The provisions of this article govern the procedure for the prevention and elimination of practices made unlawful pursuant to Article 1 (commencing with Section 12940) of Chapter 6. [¶] Any person claiming to be aggrieved by an alleged unlawful practice may file with the department a verified complaint in writing which shall state the name and address of the person, employer, labor organization or employment agency alleged to have committed the unlawful practice complained of and shall set forth the particulars thereof and contain such other information as may be required by the department. . . . [¶] No complaint may be filed after the expiration of one year from the date upon which the alleged unlawful practice or refusal to cooperate occurred; except that this period may be extended for not to exceed 90 days following the expiration of that year, if a person allegedly aggrieved by an unlawful practice first obtained knowledge of the facts of the alleged unlawful practice after the expiration of one year from the date of their occurrence."

sexual discrimination and harassment could have taken place. The DFEH issued a "right to sue letter" (the record does not disclose the date of that letter), after which plaintiff had one year to commence a civil action. (Gov. Code § 12965, subd. (b).) She did so, filing her superior court complaint on March 9, 1994. A first amended complaint was filed on January 23, 1995.

■ The timely filing of an administrative complaint, and exhaustion of that remedy, is a prerequisite to maintenance of a civil action for damages under the FEHA. (*Accardi* v. *Superior Court* (1993) 17 Cal.App.4th 341, 349 [21 Cal.Rptr.2d 292]; *Denney* v. *Universal City Studios, Inc.* (1992) 10 Cal.App.4th 1226, 1232 [13 Cal.Rptr.2d 170]; *Valdez* v. *City of Los Angeles* (1991) 231 Cal.App.3d 1043, 1052 [282 Cal.Rptr. 726].) ■ Defendants, as we have noted, moved for summary judgment on the ground that plaintiff's delay of approximately three years in filing a complaint with the DFEH bars her civil complaint.

In response, plaintiff relied primarily on Code of Civil Procedure former section 352 (section 352), which, at the time of the filing of her complaint, provided in pertinent part that: "(a) If a person entitled to bring an action, mentioned in Chapter 3 of this title, be, at the time the cause of action accrued, either: [¶] 1. Under the age of majority; or, [¶] 2. Insane; or, [¶] 3. Imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life; the time of such disability is not a part of the time limited for the commencement of the action." Plaintiff argues that since she filed the administrative complaint required by Government Code section 12960 within one year after she turned eighteen, the tolling provisions of section 352 render it timely. We disagree.

It appears that there are no published cases which address the applicability of section 352 to the time requirements of Government Code section 12960. However, we find guidance in several decisions which considered the effect of a plaintiff's minority on the obligation to file other types of claims within a specified time as a prerequisite to pursuing a civil action. These authorities consistently hold that the provisions of section 352 do not operate to toll these analogous time periods. The seminal case in this area is *Artukovich* v. *Astendorf* (1942) 21 Cal.2d 329 [131 P.2d 831], where the California Supreme Court held that in the absence of a statutory exemption the claim filing requirements of the government Tort Claims Act are applicable to minors, and are not subject to the tolling provisions of section 352. (21 Cal.2d at pp. 333-334.) Similarly, in *Billups* v. *Tiernan* (1970) 11 Cal.App.3d 372 [90 Cal.Rptr. 246], the appellate court held that section 352 did not extend the period allowed by the Probate Code for the filing of a minor's claim against a decedent's estate. And, in *Republic Indem. Co.* v.

*Barn Furniture Mart, Inc.* (1967) 248 Cal.App.2d 517 [56 Cal.Rptr. 609], the court relied on *Artukovich* in holding that a complaint against an insurance carrier for uninsured motorist benefits was precluded where the insured, a minor, had failed to demand arbitration or pursue other remedies within one year after the claim arose, as required by Insurance Code section 11580.2. In each of these cases, the rationale has been that where the Legislature has created a cause of action, and has established a claims procedure as a prerequisite to enforcement of that statutory right, a plaintiff's minority does not excuse the timely filing of such a claim unless the Legislature has also specifically provided for such an extension. The underlying principle was explained in *Moyer* v. *Hook* (1970) 10 Cal.App.3d 491 [89 Cal.Rptr. 234], another Tort Claims Act case, this way: "The Code section relied upon . . . (Code of Civ. Proc., § 352) tolls, during certain disabilities, only the running of the period for filing 'an action.' It does not apply to the filing of a claim." (*Id.* at p. 493.)

That plaintiff's argument is untenable is readily demonstrated by resort to the language of section 352 itself. ■ First, by its own terms, the statute's applicability is limited to extensions of the time for commencing an action mentioned in chapter 3 of part 2, title 2 of the Code of Civil Procedure. The requirement of Government Code section 12960 that an administrative complaint be filed with the DFEH within one year is obviously not among the limitations periods found within chapter 3. Instead, it is a substantive precondition to the bringing of a civil action in the superior court. Furthermore, a cause of action for violation of the FEHA does not even accrue until after the administrative remedy is exhausted. (See *Williams* v. *Pacific Mutual* (1986) 186 Cal.App.3d 941, 951 [231 Cal.Rptr. 234].) Since the language of section 352 provides that its tolling provisions are triggered only by disabilities extant "at the time the cause of action accrued," it can have no effect on claim filing requirements that are a condition precedent to accrual.

*Williams* v. *Los Angeles* (1968) 68 Cal.2d 599 [68 Cal.Rptr. 297, 440 P.2d 497], and *Todd* v. *County of Los Angeles* (1977) 74 Cal.App.3d 661 [141 Cal.Rptr. 622], cited by plaintiff in her opposition and by the superior court in its order denying summary judgment, do not support plaintiff's tolling theory. In both those cases the court was concerned with the time for filing a civil complaint after the plaintiff had initially complied with the claim filing requirements of the government Tort Claims Act. Nothing in either decision can be viewed as extending the benefits of section 352 to the context of the present case.

■ As an alternative to her reliance on section 352, plaintiff argues that her failure to file a timely FEHA complaint may be excused under the

doctrine of "equitable tolling." This theory has been developed in a series of cases where a plaintiff with several possible remedies pursued one with a resultant delay in commencement of another. In these circumstances, California courts have held that the statute of limitations applicable to the later filed action is tolled during the pendency of the initial administrative or judicial proceeding. (See *Jones* v. *Tracy School Dist.* (1980) 27 Cal.3d 99, 107-108 [165 Cal.Rptr. 100, 611 P.2d 441]; *Addison* v. *State of California* (1978) 21 Cal.3d 313 [146 Cal.Rptr. 224, 578 P.2d 941]; *Elkins* v. *Derby* (1974) 12 Cal.3d 410 [115 Cal.Rptr. 641, 525 P.2d 81, 71 A.L.R.3d 839].) We fail to discern how those cases are relevant to the present one. Simply put, plaintiff has not pursued any other remedy. Rather, from the outset, she has asserted a single claim, i.e., that defendants have violated the FEHA. While plaintiff asserts that she could have filed a complaint on some other theory within one year after her eighteenth birthday, the fact is that she did not.

Finally, plaintiff advises us that subsequent to defendants seeking relief in this court, she filed in superior court a motion to amend her complaint to state additional causes of action not premised on the FEHA. She asks that if we are inclined to grant the petition, we first allow her to complete the proposed amendment. We decline the invitation. ■ The trial court is the proper forum in which to address in the first instance matters related to the pleadings, and whether an amendment should be allowed prior to entry of judgment we leave to its discretion.

The petition for writ of mandate is granted. We have complied with the procedures required by *Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171 [203 Cal.Rptr. 626, 681 P.2d 893], and may therefore issue a peremptory writ in the first instance. The superior court is directed to vacate its order of July 11, 1995, denying defendants' motion for summary judgment, and to enter a new order granting that motion.

Nicholson, J., and Raye, J., concurred.