[No. B159744. Second Dist., Div. Three. Apr. 29, 2003.]

SANDRA RODRIGUEZ, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
CRYSTAL B. et al., Real Parties in Interest.

COUNSEL

Law Offices of Rosario Perry, Lisa M. Howard, Dionne M. Marucchi and Rosario Perry for Petitioner.

No appearance for Respondent.

Law Offices of Pate & Pate, Linda Wallace Pate; Voorhies & Kramer, Richard C. Voorhies and R. Brian Kramer for Real Parties in Interest.

OPINION

KLEIN, P. J.—Plaintiffs, the real parties in interest, Crystal B., Valerie R., and Steven G., Anita G., Brenda P. and Emily C., minors, by and through their respective guardians ad litem (collectively plaintiffs), have sued defendant Sandra Rodriguez, the petitioner herein, for abuse and neglect they allegedly suffered while in her foster care. Rodriguez demurred, contending no cause of action was stated because plaintiffs failed to allege they filed timely claims with the Foster Family Home and Small Family Home Insurance Fund (the Fund). Respondent superior court overruled the demurrer.

Rodriguez now petitions for a writ of mandate directing the trial court to vacate its order overruling her demurrer and to enter a new order sustaining her demurrer without leave to amend.

The Fund was established by the Legislature to pay, on behalf of foster family homes, claims by foster children and others resulting from occurrences peculiar to the foster care relationship and the provision of foster care services. (Health & Saf. Code, § 1527.1.) The Fund's liability is capped at $300,000 for any single foster family home for all claims arising due to one or more occurrences during a single calendar year (Health & Saf. Code, § 1527.4), and the Fund is not liable for any loss arising out of "a dishonest, fraudulent, criminal, or intentional act." (Health & Saf. Code, § 1527.3, subd. (a).) Presentation of a claim to the Fund is a precondition to filing a suit against a foster parent in that no person may bring a civil action against a foster parent for which the Fund is liable unless that person has first filed a claim with the Fund. (Health & Saf. Code, § 1527.6, subd. (d); *Hill v. Newkirk* (1994) 26 Cal.App.4th 1047, 1059 [31 Cal.Rptr.2d 859].)

A claim against the Fund shall be submitted to the Fund "within the applicable period of limitations for the appropriate civil action underlying the claim." (Health & Saf. Code, § 1527.6, subd. (b).) Thus, the time for filing a claim with the Fund is coextensive with the time for filing the civil action against the foster parent.

Here, the applicable period of limitations for plaintiffs' civil action was one year (Code Civ. Proc., former § 340, subd. (3)),[1,2] and was tolled during the period of minority (§ 352, subd. (a)), so that plaintiffs had until their 19th birthdays to file suit. Therefore, plaintiffs likewise had until their 19th birthdays to submit their claims to the Fund. At the time plaintiffs submitted their claims to the Fund, none had attained his or her 19th birthday and hence all the claims were timely. Accordingly, the trial court properly overruled Rodriguez's demurrer and the instant petition is denied.

---

[1]All further statutory references are to the Code of Civil Procedure, unless otherwise indicated.

[2]Effective January 1, 2003, there is a two-year statute of limitations for an action for "injury to . . . an individual caused by the wrongful act or neglect of another." (§ 335.1, added by Stats. 2002, ch. 448, § 2.) With respect to the applicability of this lengthened statute of limitations, the Legislature declared in the uncodified portion of the statute that "[t]he special injustice worked against victims of the September 11, 2001, terrorist actions justifies applying the two-year statute of limitations retroactively to those victims." (Stats. 2002, ch. 448, § 1.) It is unnecessary in this opinion to address the extent of the new statute's retroactivity. Rodriguez's demurrer was directed at the timeliness of the *claim* that plaintiffs submitted to the Fund, not the timeliness of the civil action.

## FACTUAL AND PROCEDURAL BACKGROUND

The six plaintiffs' birth dates range from May 19, 1980, to October 29, 1989. While they were minors and dependent children of the juvenile court, they were placed in the foster home of Rodriguez, where they allegedly suffered severe physical and psychological abuse.

After commencing this action on September 10, 1999, plaintiffs filed the operative second amended complaint on April 5, 2002, naming numerous defendants including Rodriguez and the County of Los Angeles (the County). As against Rodriguez, the complaint pled four causes of action: negligence, assault and battery, intentional infliction of emotional distress and negligent infliction of emotional distress.

Plaintiffs alleged they suffered unconscionable abuse in Rodriguez's foster home. They pled Rodriguez subjected them to constant beatings, denied them adequate nutrition, which led at least one of the plaintiffs to forage for food in trash cans, tied them to a tree, exploited them and forced them to serve as domestic help in Rodriguez's household, made them live in a house infested with cockroaches, and left them infested with lice for years. One of the children, at age three, had her leg broken by Rodriguez's husband and was hospitalized in a body cast. Another attempted suicide.

With respect to the issue of their compliance with the claims presentation requirements of Health and Safety Code section 1527.6, plaintiffs alleged in the complaint they submitted timely claims to the Fund on March 4, 1999, and that the claims were rejected on the merits on or about August 30, 1999.[3, 4]

Rodriguez demurred. She contended that as to three of the plaintiffs, their status as dependent minors ended on January 23, 1998, so that they were required to file claims with the Fund within one year thereof, by January 23, 1999. However, the complaint alleged the plaintiffs filed claims with the Fund on March 4, 1999. Further, as to the three other plaintiffs, the complaint was silent as to the date their dependent status ended. Therefore, the complaint on its face established that plaintiffs failed to file timely claims with the Fund, so as to preclude them from maintaining a civil action against Rodriguez.

---

[3]Case law holds that timely compliance with claim filing requirements must be pled in the complaint to state a cause of action. (*Dujardin v. Ventura County Gen. Hosp.* (1977) 69 Cal.App.3d 350, 355 [138 Cal.Rptr. 20]; contra, *Bell v. Tri-City Hospital Dist* (1987) 196 Cal.App.3d 438, 444 [241 Cal.Rptr. 796].)

[4]Although the Fund is not liable for any loss "arising out of a dishonest, fraudulent, criminal, or intentional act" (Health & Saf. Code, § 1527.3, subd. (a)), to the extent the plaintiffs' complaint against Rodriguez sounded in negligence, plaintiffs were required to present a claim to the Fund in the first instance.

The trial court overruled Rodriguez's demurrer. The trial court relied, inter alia, on the tolling statute, which provides that if a person entitled to bring an action is under the age of majority, "the time of the disability is not part of the time limited for the commencement of the action." (§ 352, subd. (a).) The trial court noted that section 352, subdivision (b) of the tolling statute provides the tolling benefit does not apply to an action where there is a requirement that a tort claim under the *Government Code* be presented, but there was no such exception in the tolling statute for an action involving a claim against the Fund pursuant to the Health and Safety Code.[5]

Rodriguez filed the instant petition for writ of mandate. We issued an order to show cause why the relief should or should not be granted.

CONTENTIONS

■ Rodriguez contends her demurrer should have been sustained without leave to amend because a claim must be submitted to the Fund within the applicable period of limitations for the civil action underlying the claim (Health & Saf. Code, § 1527.6, subd. (b)), plaintiffs therefore were required to file their claims against the Fund within one year of the injury (former § 340, subd. (3)), no tolling provision exists in the Fund's claim filing requirements, and absent a tolling provision the plaintiffs' claims were untimely.

DISCUSSION

1. *Overview of statutory scheme.*

"In 1986, the Legislature established the Fund to address the growing insurance crisis in the state's foster care system. ([Health & Saf. Code,] § 1527.1; Stats. 1986, ch. 1330, § 1, p. 4690, Sen. Rules Com. Analysis of Sen. Bill No. 1159 (1985-1986 Reg. Sess.) as amended Aug. 28, 1986 at pp. 1-3.) Because of the increasing number of claims filed against foster parents by foster children and their natural parents, foster parents were unable to obtain insurance coverage for claims arising from foster parent activities. (*Ibid.*) To relieve the burden of individual liability and to preserve

---

[5]Section 352 states in relevant part: "(a) If a person entitled to bring an action, mentioned in Chapter 3 (commencing with Section 335) is, at the time the cause of action accrued either under the age of majority or insane, the time of the disability is not part of the time limited for the commencement of the action. [¶] (b) *This section does not apply to an action against a public entity or public employee upon a cause of action for which a claim is required to be presented in accordance with Chapter 1 (commencing with Section 900) or Chapter 2 (commencing with Section 910) of Part 3, or Chapter 3 (commencing with Section 950) of Part 4, of Division 3.6 of Title 1 of the Government Code.*" (Italics added.)

the foster care system, the Legislature established the Fund to 'pay, on behalf of foster family homes and small family homes, . . . claims of foster children, their parents, guardians, or guardians ad litem resulting from occurrences peculiar to the foster-care relationship and the provision of foster-care services.' ([Health & Saf. Code,] § 1527.1.)" (*Hill v. Newkirk, supra*, 26 Cal.App.4th at p. 1052.)

The Fund is available to pay damages up to $300,000 for any single foster family home for all claims arising due to one or more occurrences during a single calendar year. (Health & Saf. Code, § 1527.4.)

The Fund's claim presentation procedure is set forth in Health and Safety Code section 1527.6, which states:

"(a) Any claim against the fund shall be filed with the fund in accordance with claims procedures and on forms prescribed by the State Department of Social Services or its designated contract agency.

"(b) Any claim against the fund filed by a foster parent or a third party shall be submitted to the fund within the applicable period of limitations for the appropriate civil action underlying the claim. If a claim is not submitted to the fund within the applicable time, there shall be no recourse against the fund.

"(c) The department shall approve or reject a claim within 180 days after it is presented.

"(d) No person may bring a civil action against a foster parent for which the fund is liable unless that person has first filed a claim against the fund and the claim has been rejected, or the claim has been filed, approved, and paid, and damages in excess of the payment are claimed."

In essence, Health and Safety Code section 1527.6, subdivision (b) requires a claimant to submit a claim to the Fund "within the applicable period of limitations for the appropriate civil action underlying the claim." Subdivision (c) gives the State Department of Social Services 180 days in which to approve or reject the claim. (Health & Saf. Code, § 1527.6, subd. (c).) Subdivision (d), in turn, sets forth the consequence of noncompliance with the claim presentation requirement, stating "[n]o person may bring a civil action against a foster parent for which the fund is liable unless that person has first filed a claim against the fund . . . ." (*Id.,* § 1527.6, subd. (d).)

2. *The time for filing a claim with the Fund is the applicable period of limitations for the appropriate civil action underlying the claim.*

a. *Because plaintiffs had until their 19th birthdays to file a civil action, they likewise had until their 19th birthdays to file claims with the Fund.*

The controlling provision here is Health and Safety Code section 1527.6, subdivision (b), which provides: "(b) Any claim against the fund filed by a foster parent or a third party shall be submitted to the fund *within the applicable period of limitations for the appropriate civil action underlying the claim.*" That is the only specified deadline for filing a claim with the Fund.

Here, plaintiffs are alleging causes of action against Rodriguez which fall within the one-year statute of limitations set forth in former section 340, subdivision (3). However, that is not the sole determinant of the applicable period of limitations for the civil action underlying plaintiffs' claim. Because plaintiffs were minors at the time their causes of action accrued, the one-year statute of limitations must be read in conjunction with the tolling provision of section 352.

The tolling statute provides in relevant part: "(a) If a person entitled to bring an action, mentioned in Chapter 3 (commencing with Section 335) [actions other than for recovery of real property] is, at the time the cause of action accrued either under the age of majority or insane, *the time of the disability is not part of the time limited for the commencement of the action.*" (§ 352, subd. (a), italics added.)

The one-year statute of limitations, as tolled during the period of minority, gave the plaintiffs until their 19th birthdays to file a civil action. Because the time period for filing a claim against the Fund is "the applicable period of limitations for the appropriate civil action underlying the claim" (Health & Saf. Code, § 1527.6, subd. (b)), plaintiffs likewise had until their 19th birthdays to present their claims to the Fund. On March 4, 1999, the date the plaintiffs submitted their claims to the Fund, none of the plaintiffs had yet attained his or her 19th birthday. Hence, all of the claims were timely.

b. *Rodriguez's reliance on the exception to tolling set forth in subdivision (b) of section 352 is misplaced.*

There is a specific reference in the tolling statute as to what is *not* tolled. Section 352, subdivision (b) of the tolling statute states in pertinent part: "(b) This section does not apply to an action against a public entity or public

employee upon a cause of action for which a claim is required to be presented in accordance with Chapter 1 (commencing with Section 900) or Chapter 2 (commencing with Section 910) of Part 3, or Chapter 3 (commencing with Section 950) of Part 4, of Division 3.6 of Title 1 of the Government Code."

Rodriguez contends "the public entity exception specified in C.C.P § 352(b) to [the] tolling requirements of C.C.P. § 352(a) *applie*[*s*] *by analogy* to any claims required to be filed with the Fund." (Italics added.) The argument is meritless and properly was rejected by the trial court.

Simply stated, section 352, subdivision (b) of the tolling statute provides the tolling benefits of subdivision (a) thereof do not apply to an action for which a claim is required to be presented in accordance with *Government Code section 900 et seq.* However, the instant matter does not implicate Government Code section 900 et seq. The requirement of presenting a claim to the Fund is pursuant to a separate and distinct statutory scheme, namely, Health and Safety Code section 1527 et seq. Therefore, subdivision (b) of section 352 is inapplicable.

At the time it enacted Health and Safety Code section 1527 et seq., the Legislature was capable of amending subdivision (b) of section 352 to include a reference to Health and Safety Code section 1527 et seq. It did not do so and it is not our role to rewrite section 352 to expand the exceptions to tolling found in subdivision (b) thereof.

c. *Decisions involving other statutory schemes are distinguishable.*

Various cases have considered the effect of a plaintiff's minority on the obligation to file other types of claims within a specified time as a prerequisite to pursuing a civil action.

*Balloon v. Superior Court* (1995) 39 Cal.App.4th 1116, 1119 [46 Cal.Rptr.2d 161], held the running of the one-year period allowed by Government Code section 12960 for the filing of an administrative complaint under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.) is not tolled during a plaintiff's minority by application of section 352.

The *Balloon* court looked for guidance to earlier decisions and found: "These authorities consistently hold that the provisions of section 352 do not operate to toll these analogous time periods. The seminal case in this area is *Artukovich* v. *Astendorf* (1942) 21 Cal.2d 329 [131 P.2d 831], where the

California Supreme Court held that in the absence of a statutory exemption the claim filing requirements of the government Tort Claims Act are applicable to minors, and are not subject to the tolling provisions of section 352. (21 Cal.2d at pp. 333-334.) Similarly, in *Billups* v. *Tiernan* (1970) 11 Cal.App.3d 372 [90 Cal.Rptr. 246], the appellate court held that section 352 did not extend the period allowed by the Probate Code for the filing of a minor's claim against a decedent's estate. And, in *Republic Indem. Co.* v. *Barn Furniture Mart, Inc.* (1967) 248 Cal.App.2d 517 [56 Cal.Rptr. 609], the court relied on *Artukovich* in holding that a complaint against an insurance carrier for uninsured motorist benefits was precluded where the insured, a minor, had failed to demand arbitration or pursue other remedies within one year after the claim arose, as required by Insurance Code section 11580.2. In each of these cases, the rationale has been that where the Legislature has created a cause of action, and has established a claims procedure as a prerequisite to enforcement of that statutory right, a plaintiff's minority does not excuse the timely filing of such a claim *unless the Legislature has also specifically provided for such an extension.*" (*Balloon v. Superior Court, supra,* 39 Cal.App.4th at pp. 1120-1121, italics added.)

Here, the Legislature has provided for such an extension. The statutory scheme relating to the Fund provides a claim is to be presented "within the applicable period of limitations for the appropriate civil action underlying the claim." (Health & Saf. Code, § 1527.6, subd. (b).) Thus, Health and Safety Code section 1527.6 prescribes that the time for presenting a claim to the Fund is coextensive with the time for filing the civil action underlying the claim. Therefore, in a case such as this, where the plaintiffs' minority tolls the time for filing a civil action until their 19th birthdays, that is both the applicable period of limitations for filing the civil action and the period of limitations for presenting a claim to the Fund.

We emphasize section 352, the tolling statute, governs the time for filing an *action,* not the time for filing a *claim.* (*Balloon v. Superior Court, supra,* 39 Cal.App.4th at p. 1121; *Moyer v. Hook* (1970) 10 Cal.App.3d 491, 493 [89 Cal.Rptr. 234].) Our decision that plaintiffs had until their 19th birthdays to file claims with the Fund is not based on section 352. Rather, it is based on the express language of Health and Safety Code section 1527.6 that the claim "shall be submitted to the fund *within the applicable period of limitations for the appropriate civil action underlying the claim.*" (Health & Saf. Code, § 1527.6, subd. (b), italics added.) Due to plaintiffs' minority, the time for filing a civil action is tolled until plaintiffs' 19th birthdays. (Former § 340, subd. (3), § 352, subd. (a).) Therefore, plaintiffs' 19th birthdays are

also the cutoff for submitting claims to the Fund. (Health & Saf. Code, § 1527.6, subd. (b).)[6, 7]

3. *This court's decision in County of Los Angeles v. Superior Court (2001) 91 Cal.App.4th 1303 [111 Cal.Rptr.2d 471] (hereafter Crystal B.) has no bearing on the issue herein.*

Rodriguez contends our decision in *Crystal B.* stands for the proposition that plaintiffs had one year from January 23, 1998 to file claims with the Fund, and therefore the claims filed March 4, 1999 were untimely. As explained below, *Crystal B.* has no bearing on the issue presented herein.

By way of background, *Crystal B.* arose out of personal injury claims against the County by three of the plaintiffs herein, Crystal B., Steven G. and Anita G. The County denied their application to file late tort claims under the California Tort Claims Act (the Act). (Gov. Code, § 810 et seq.) The three minors then petitioned the trial court to relieve them from the claim-filing requirements of the Act. They argued that accrual of their claims was tolled while they were dependent minors with no parents or guardians ad litem to represent them, and thus their claims were filed within a reasonable time under the Act. The trial court granted the petitions and allowed the minors to file a complaint against the County. (*Crystal B., supra,* 91 Cal.App.4th at pp. 1305-1306.)

---

[6]We recognize that "[a]s with other claims statutes, the purpose underlying the Fund's claim requirement is to ensure that the Fund is apprised of the claim and has an opportunity to effectively manage its limited resources and to promptly investigate and settle the matter. [Citation.]" (*Hill v. Newkirk, supra,* 26 Cal.App.4th at p. 1057.) However, the Legislature made the time for presenting a claim to the Fund identical with the time for filing the appropriate civil action underlying the claim. (Health & Saf. Code, § 1527.6, subd. (b).) Thus, the time for filing a claim with the Fund is broad indeed. The Legislature apparently concluded that given the vagaries of children in foster care, when a claimant is a minor, the policy of ensuring that the Fund receives prompt notice of the claim is outweighed by other considerations.

If our conclusion the time for presenting a claim to the Fund is coextensive with the time to file the civil action underlying the claim is not what the Legislature intended, the statute needs clarification. (See *International Longshoremen's & Warehousemen's Union v. Los Angeles Export Terminal, Inc.* (1999) 69 Cal.App.4th 287, 304, fn. 6 [81 Cal.Rptr.2d 456], and cases cited therein.)

[7]Because the time for filing a claim with the Fund is "the applicable period of limitations for the appropriate civil action underlying the claim" (Health & Saf. Code, § 1527.6, subd. (b)), and the department has 180 days to rule on a claim (*id.,* § 1527.6, subd. (c)), a plaintiff who waits until the last six months of the limitations period to present a claim to the department runs the risk that the statute of limitations for the civil action will expire before the plaintiff obtains a decision by the department on the claim. As explained, a determination by the department on the claim is a precondition to the filing of the lawsuit. (*Id.,* § 1527.6, subd. (d).) However, the timeliness of the civil action is not before us. Rodriguez's demurrer was directed only at the timeliness of the claims the six plaintiffs presented to the Fund. As discussed, the claims were timely.

The County filed a petition for writ of mandate to challenge that ruling, contending that even though the minors did not have a guardian ad litem while dependents of the court, the appointed independent counsel (IC), assigned by the juvenile court to act on their behalf by pursuing all potential tort claims against third parties, was the equivalent of a guardian ad litem. The County argued that because the application to file late claims was not filed with the County within one year of the appointment of the IC, the claims were untimely, and therefore the trial court erred in granting the minors relief from the claims statutes. (*Crystal B., supra*, 91 Cal.App.4th at p. 1306.)

We rejected the argument that the IC was the functional equivalent of a guardian ad litem and held the minors were entitled to proceed with their civil suit against the County. We "conclude[d] that the appointment of the IC here left Minors with no parent or guardian, within the meaning of section 911.4, subdivision (c), to oversee the matter of their potential claim and lawsuit against County and others. *Therefore, the time within which Minors had to present their application to file a late claim did not begin to run until they had a parent or guardian legally able to represent their interests; that did not occur until January 23, 1998, when the dependency case terminated.* Minors' new counsel filed such application on January 25, 1999. The one-year period expired on January 23, 1999. This is the date Minors had a parent or guardian capable of representing their interests; that date fell on a Saturday, and, accordingly, the application presented on the following Monday, January 25, 1999, was timely. (Code Civ. Proc., § 12a.)" (*Crystal B., supra*, 91 Cal.App.4th at p. 1313, italics added.)

Relying on *Crystal B.*, Rodriguez asserts plaintiffs herein were required to file claims with the Fund within one year of January 23, 1998, making the claims submitted on March 4, 1999, untimely. However, the issue in *Crystal B.* was the timeliness of a late claim application pursuant to Government Code section 911.4, subdivision (b), which application "shall be presented to the public entity . . . within a reasonable time not to exceed one year after the accrual of the cause of action . . . ." *Crystal B.* held the one-year period to file a *late claim application* began to run on January 23, 1998, the date the dependency case of the three minors terminated. (*Crystal B., supra*, 91 Cal.App.4th at p. 1313.) *Crystal B.* is inapposite. The timeliness of a late claim application under the Act is unrelated to the timeliness of a claim submitted to the Fund pursuant to Health and Safety Code section 1527 et seq. The time to submit a claim to the Fund is governed by Health and Safety Code section 1527.6, subdivision (b), not by *Crystal B.* Irrespective of the date the instant plaintiffs ceased their status as dependent minors, they had until their 19th birthdays to submit claims to the Fund.

## CONCLUSION

A claim implicating the potential coverage of the Fund shall be submitted to the Fund "within the applicable period of limitations for the appropriate civil action underlying the claim." (Health & Saf. Code, § 1527.6, subd. (b).) Thus, the time for filing a claim with the Fund is coextensive with the time for filing the civil action. Here, the applicable period of limitations for plaintiffs' civil action was one year (former § 340, subd. (3)), and was tolled during the period of minority (§ 352, subd. (a)), so that plaintiffs had until their 19th birthdays to file suit. Accordingly, plaintiffs also had until their 19th birthdays to submit their claims to the Fund.

Plaintiffs adequately pled they filed timely claims with the Fund by alleging they submitted their claims on March 4, 1999, at which time none of the plaintiffs had attained his or her 19th birthday. Therefore, the trial court properly overruled Rodriguez's demurrer.

## DISPOSITION

The order to show cause is discharged. The petition for writ of mandate is denied. Plaintiffs shall recover their costs in this proceeding. (Cal. Rules of Court, rule 56.4(a).)

Croskey, J., and Aldrich, J., concurred.

Petitioner's petition for review by the Supreme Court was denied July 30, 2003. George, C. J., and Brown, J., did not participate therein.