[No. B178541. Second Dist., Div. One. Mar. 29, 2005.]

COUNTY OF LOS ANGELES, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
N.L., Real Party in Interest.

## COUNSEL

Law Offices of Michael H. Manning & Associates, Michael H. Manning, Marvin L. Benson; Greines, Martin, Stein & Richland, Martin Stein and Carolyn Oill for Petitioner.

No appearance for Respondent.

Bash Polyachenko, Alexander M. Polyachenko and Steven Bash for Real Party in Interest.

Opinion

SPENCER, P. J.—

## INTRODUCTION

Petitioner County of Los Angeles (County) seeks writ review of respondent Los Angeles Superior Court's order denying its motion for summary judgment. The County contends this personal injury action, filed by real party in interest N.L., is time-barred by the California Tort Claims Act, in that suit was not commenced within six months after the County mailed its notice rejecting N.L.'s claim, as required by Government Code section 945.6 (section 945.6). N.L. counters that she commenced suit within eight years of attaining the age of majority and thus her action was timely under the statute of limitations applicable to victims of childhood sexual abuse (Code Civ. Proc., § 340.1 (section 340.1)). We conclude that the timeliness of N.L.'s action is governed by section 945.6, not section 340.1, and that her action is time-barred. We therefore grant the County's petition.

## BACKGROUND

On July 28 and 29 and August 2 and 4, 2001, an employee of the County sexually assaulted N.L. while she was housed in a juvenile facility. N.L. was 17 years old at the time. After being released from custody, N.L. left the country and lost contact with her mother for about six months.[1] N.L. turned 18 on October 12, 2001.

On January 28, 2002, at the direction of N.L.'s mother, Attorney Steven Bash filed a timely claim with the County on behalf of N.L., listing the date of the incident as July 28, 2001. Counsel had never met N.L., and, like her mother, was unaware of her whereabouts.

On May 30, 2002, the County mailed a letter to Attorney Bash, informing him that N.L.'s claim had been deemed denied on March 14, 2002. This notice warned Attorney Bash that, with certain exceptions, he had only six months from the date the notice was personally served or deposited in the mail to file an action on the claim that had been denied and directed him to section 945.6. Attorney Bash did not receive the County's notice.

"[A]pproximately one year after the assault," N.L. learned "that [her] mother had spoken with an attorney about [her] case." On December 31,

---

[1] The record does not reveal when N.L. was released from custody.

2003, more than one and one-half years after the County mailed its notice of the denial of N.L.'s claim, N.L., represented by Attorney Bash's law firm, filed this personal injury action against the County and her assailant, alleging causes of action for intentional and negligent infliction of emotional distress and negligent hiring, supervision and retention. N.L. further alleged that she was "required to comply with a claims statute" and "ha[d] complied with applicable claims statutes." N.L. sought monetary damages.

The County moved for summary judgment on the ground that N.L.'s lawsuit was barred by section 945.6, in that N.L. failed to file this action within six months after the County mailed its notice denying the claim. N.L. opposed the motion, asserting that her "failure to file a claim within the usually proscribed period is excused because she was a victim of rape, because she was a minor at the time, and because the specific provisions of . . . § 340.1 apply to her case." The trial court agreed with N.L., finding that the timeliness of this action was governed by the statute of limitations set forth in section 340.1 rather than section 945.6. In denying the County's motion for summary judgment, the court observed that section 340.1 is more specific and expressly states that its special limitations period applies to actions against an "entity."

## DISCUSSION

*California Tort Claims Act*

█    The California Tort Claims Act (Act) (Gov. Code, § 810 et seq.) governs actions against public entities and public employees. The timeliness of such actions is governed by the specific statute of limitations set forth in the Government Code, not the statute of limitations applicable to private defendants. (*Moore v. Twomey* (2004) 120 Cal.App.4th 910, 913–914 [16 Cal.Rptr.3d 163]; *Martell v. Antelope Valley Hospital Medical Center* (1998) 67 Cal.App.4th 978, 981 [79 Cal.Rptr.2d 329].)

Under the Act, no person may sue a public entity or public employee for "money or damages" unless a timely written claim has been presented to and denied by the public entity. (Gov. Code, § 945.4; *Curtis T. v. County of Los Angeles* (2004) 123 Cal.App.4th 1405, 1415 [21 Cal.Rptr.3d 208].) A claim pertaining to a cause of action for personal injury must be filed within six months after the cause of action accrues. (Gov. Code, § 911.2; *Curtis T., supra,* at p. 1415.) With certain exceptions, an action against a public entity on a cause of action for which a claim must be presented must be commenced "not later than six months" after written notice rejecting the claim is

delivered to the claimant personally or deposited in the mail. (§ 945.6.) If the public entity deposits written notice of rejection in the mail, the six-month limitations period within which to file suit applies regardless of whether notice is actually received. (*Dowell v. County of Contra Costa* (1985) 173 Cal.App.3d 896, 901 [219 Cal.Rptr. 341].) The claimant is charged with knowledge of the six-month period and is obligated to inquire as to the status of the claim if he or she has not received a written rejection notice within a reasonable time after the County's time to act or reject the claim has passed. (*Ibid.*)

*Statute of Limitations for Victims of Childhood Sexual Abuse*

Section 340.1 sets forth a special statute of limitations for victims of childhood sexual abuse. Subdivision (a) of section 340.1 provides: "In an action for recovery of damages suffered as a result of childhood sexual abuse, the time for commencement of the action shall be within eight years of the date the plaintiff attains the age of majority or within three years of the date the plaintiff discovers or reasonably should have discovered that psychological injury or illness occurring after the age of majority was caused by the sexual abuse, whichever period expires later, for any of the following actions: [¶] (1) An action against any person for committing an act of childhood sexual abuse. [¶] (2) An action for liability against any person or entity who owed a duty of care to the plaintiff, where a wrongful or negligent act by that person or entity was a legal cause of the childhood sexual abuse which resulted in the injury to the plaintiff. [¶] (3) An action for liability against any person or entity where an intentional act by that person or entity was a legal cause of the childhood sexual abuse which resulted in the injury to the plaintiff."

*Section 340.1 Does Not Trump the Act*

The Legislature added section 340.1 to the Code of Civil Procedure in 1986. (Stats. 1986, ch. 914, § 1, p. 3165.) In 1998, the Legislature amended section 340.1 to permit victims of childhood sexual abuse to sue persons or entities other than the actual abuser. (Stats. 1998, ch. 1032, § 1.) Prior to the 1998 amendment, courts had held that section 340.1's liberalized limitations period applied only to causes of action against the actual perpetrator of the sexual abuse. (*Mark K. v. Roman Catholic Archbishop* (1998) 67 Cal.App.4th 603, 609–610 [79 Cal.Rptr.2d 73]; *Tietge v. Western Province of the Servites, Inc.* (1997) 55 Cal.App.4th 382, 387–388 [64 Cal.Rptr.2d 53]; *Chaney v. Superior Court* (1995) 39 Cal.App.4th 152, 155–156 [46 Cal.Rptr.2d 73]; *Debbie Reynolds Prof. Rehearsal Studios v. Superior Court* (1994) 25 Cal.App.4th 222, 231 [30 Cal.Rptr.2d 514].) To the extent that section 340.1

now authorizes suits against a person or entity other than the actual perpetrator, nothing in that statute or the legislative history of the 1998 amendment to that statute reflects an intent on the part of the Legislature to excuse victims of childhood sexual abuse from complying with the Act when the defendant is a public entity or public employee.

Code of Civil Procedure section 342, which neither party cites, has been part of the Code of Civil Procedure since 1963 (Stats. 1963, ch. 1715, § 4, p. 3394) and was thus in existence when the Legislature amended section 340.1 in 1998. Entitled "[a]ctions against public entities," section 342 provides that "[a]n action against a public entity upon a cause of action for which a claim is required to be presented in accordance with Chapter 1 (commencing with Section 900) and Chapter 2 (commencing with Section 910) of Part 3 of Division 3.6 of Title 1 of the Government Code must be commenced within the time provided in Section 945.6 of the Government Code." The Law Revision Commission Comment 1963 Addition explains that the Legislature "placed" section 342 "among the limitation of actions provisions of the Code of Civil Procedure so that the statute of limitations applicable to actions upon claims against *public entities* may be discovered by looking at either this section or the appropriate section of the Government Code." (Cal. Law Revision Com. com., 13A West's Ann. Code Civ. Proc. (1982 ed.) foll. § 342, p. 516, italics added.) Sections 340.1 and 342 are part of the same legislative scheme. They are included in part 2, title 2, chapter 3 of the Code of Civil Procedure, which chapter is entitled, "Time of Commencing Actions Other Than for the Recovery of Real Property."

"The Legislature 'is deemed to be aware of statutes and judicial decisions already in existence, and to have enacted or amended a statute in light thereof.' " (*People v. McGuire* (1993) 14 Cal.App.4th 687, 694 [18 Cal.Rptr.2d 12].) We therefore presume that the Legislature was aware of section 342, as well as the six-month limitations period for filing complaints against a public entity set forth in section 945.6, and that it enacted section 340.1 in light thereof. (*People v. Turner* (2000) 78 Cal.App.4th 1131, 1141 [93 Cal.Rptr.2d 459].) We further presume that in failing to except section 340.1 from those requirements, the Legislature intended sexual abuse victims who bring suit against a public entity to be bound by the statute of limitations set forth in section 945.6. (*People v. Turner*, at p. 1141.) If the Legislature had intended to relieve victims of childhood sexual abuse of the need to comply with the Act when suing a public entity, as opposed to a private entity, it would have said so. Its failure to do so evinces its intent that victims of childhood sexual abuse comply with the Act as a precursor to suing a public entity or public employee.

Code of Civil Procedure section 352 provides: "(a) If a person entitled to bring an action, mentioned in Chapter 3 (commencing with Section 335) is, at the time the cause of action accrued either under the age of majority or insane, the time of the disability is not part of the time limited for the commencement of the action. [¶] (b) This section does not apply to an action against a public entity or public employee upon a cause of action for which a claim is required to be presented in accordance with Chapter 1 (commencing with Section 900) or Chapter 2 (commencing with Section 910) of Part 3, or Chapter 3 (commencing with Section 950) of Part 4, of Division 3.6 of Title 1 of the Government Code. . . ."

Subdivision (b) was added to section 352 in 1970 (Stats. 1970, ch. 104, § 1, p. 323) "so that Section 352, which operates to toll the statute of limitations for minors, insane persons, and prisoners, will not apply to the causes of action against a public entity or public employee described in this subdivision. Such actions are governed by the period of limitations specified in subdivision (a) of Section 945.6 of the Government Code." (Cal. Law Revision Com. com., 13A West's Ann. Code Civ. Proc. (1982 ed.) foll. § 352, p. 572.)

██ The Legislature could have stated expressly that section 340.1 does not apply to actions against public entities and public employees upon a cause of action for which the Act requires the filing of a claim, as it did in Code of Civil Procedure section 352. That it did not do so does not compel a conclusion that section 340.1 therefore applies. In construing a statute, our task is to harmonize a statutory scheme. (*Fong v. Westly* (2004) 117 Cal.App.4th 841, 853 [12 Cal.Rptr.3d 76].) Like sections 340.1 and 342, section 352 is contained part 2, title 2, chapter 3 of the Code of Civil Procedure. When these statutory provisions are viewed in context and in light of one another, they evince a clear intent on the part of the Legislature that statutes of limitations applicable to suits against private defendants are inapplicable to actions against public entities and employees. Inasmuch as the County is a public entity within the meaning of the Act (Gov. Code, § 811.2) and this is an action for which the filing of a claim is required, the applicable statute of limitations in this case is section 945.6.[2]

*This Action is Time-barred*

Attorney Bash filed a timely claim on behalf of N.L. on January 28, 2002. This claim was deemed denied on March 14, 2002, and notice of the denial was deposited in the mail and sent to Attorney Bash on May 30, 2002. To be

---

[2] *Rodriguez v. Superior Court* (2003) 108 Cal.App.4th 301 [133 Cal.Rptr.2d 294], on which N.L. relies, does not compel a contrary conclusion. *Rodriguez* was not an action against a public entity. It thus is factually and legally inapposite.

timely under the Act, suit had to be instituted within six months or by November 30, 2002. N.L.'s action filed more than one year later on December 31, 2003 is untimely and thus barred by the statute of limitations set forth in section 945.6.

That Attorney Bash never received the notice that the claim had been deemed denied is irrelevant. Having filed a claim on plaintiff's behalf, Attorney Bash was charged with knowledge of the six-month period and was obligated to inquire as to the status of the claim if he did not receive a written rejection notice within a reasonable time after the County's time to act or reject the claim passed.[3] (*Dowell v. County of Contra Costa, supra,* 173 Cal.App.3d at p. 901.) Stated otherwise, having undertaken to represent N.L.'s interests, Attorney Bash was obligated to see to it that her rights were protected.

*Invalidation of the Claim Will Not Provide N.L. with the Relief She Seeks*

As previously set forth, N.L. was an adult when Attorney Bash filed the claim at the direction of N.L.'s mother. N.L. did not know Attorney Bash at the time and did not retain or authorize him to file the claim.[4] N.L. asserts that she should not be bound by Attorney Bash's unauthorized actions. In support of this assertion, N.L. cites *Draper v. City of Los Angeles* (1990) 52 Cal.3d 502 [276 Cal.Rptr. 864, 802 P.2d 367].

*Draper* is of no aid to N.L. In that case, the California Supreme Court held that a plaintiff who was physically unable to file a governmental tort claim within the claims filing period could not be denied relief from the claim filing requirement because an attorney purporting to act on her behalf had filed a timely claim against a public entity different from the one plaintiff then sought to hold liable. The validity of the claim filed on plaintiff's behalf by the attorney was not in issue. The court held only that it was unwilling to bar plaintiff's claim against the city simply because a timely claim had been filed on her behalf against the school district while she was incapacitated. *Draper* does not establish that the claim filed by Attorney Bash was a nullity or that the filing of an unauthorized claim excused her from complying with the Act.

In support of her opposition to the County's motion for summary judgment, N.L. presented a declaration in which she stated that she was unaware that her mother had spoken with an attorney about her case for approximately one year after the assault. Inasmuch as she was assaulted sexually on July 28

---

[3] The County had 45 days from January 28, 2002, the date the claim was filed, or until March 14, 2002, to act on the claim. (Gov. Code, § 912.4.)

[4] N.L. did retain Attorney Bash at some point. His law firm filed the complaint on her behalf and currently represents her on appeal.

and 29 and August 2 and 4, 2001, N.L.'s declaration establishes that, at the latest, she learned about her mother's actions in August 2002, after the claim had been presented to and rejected by the County but before the six-month limitations period to file suit expired on November 30, 2002. At no time after discovering her mother's efforts on her behalf did N.L. repudiate the claim filed by Attorney Bash by seeking leave to file a late claim. Instead, N.L. filed a complaint, albeit an untimely one, in which she effectively ratified Attorney Bash's conduct by alleging that she was required to comply with a claims statute and in fact had done so.[5]

■ In any event, assuming that the claim filed by Attorney Bash was a nullity, N.L. has no recourse against the County at this time. (*Curtis T. v. County of Los Angeles, supra*, 123 Cal.App.4th at p. 1414.) A person who fails to file a timely claim may apply to the public entity for leave to present a late claim within a reasonable time not to exceed one year after accrual of the cause of action. (Gov. Code, § 911.4.) If the application to file a late claim is denied, a petition for an order relieving the petitioner from the claims presentation requirement may be filed. (*Id.*, § 946.6.) No relief can be granted if the application to file a late claim was filed more than one year after accrual of the cause of action. "The reason for the one-year statutory requirement is to 'protect[] a governmental entity from having to respond to a claim many years after the accrual of the action.'" (*County of Los Angeles v. Superior Court* (2001) 91 Cal.App.4th 1303, 1314 [111 Cal.Rptr.2d 471], quoting *Hernandez v. County of Los Angeles* (1986) 42 Cal.3d 1020, 1030 [232 Cal.Rptr. 519, 728 P.2d 1154].)

Whether N.L.'s cause of action accrued when she reached the age of majority on October 12, 2001, under section 340.1, as she maintains, or when the molestation actually occurred (see *John R. v. Oakland Unified School Dist.* (1989) 48 Cal.3d 438, 444, fn. 3 [256 Cal.Rptr. 766, 769 P.2d 948]; *Curtis T. v. County of Los Angeles, supra*, 123 Cal.App.4th at pp. 1415–1416), the time to apply for leave to file a late claim has long since expired.

In summary, we conclude that N.L.'s personal injury action against the County is barred by the six-month statute of limitations set forth in section 945.6. Respondent superior court therefore erroneously denied the County's motion for summary judgment.

---

[5] In light of this conclusion, we need not reach the merits of the County's assertion that nothing in the Act requires the claimant to authorize the claim or be aware that a claim has been presented on her behalf.

## DISPOSITION

Let a peremptory writ of mandate issue, commanding the respondent superior court to vacate its order denying the County's motion for summary judgment and to enter a new and different order granting the motion. The parties are to bear their own costs of these writ proceedings.

Vogel, J., and Mallano, J., concurred.