Filed 5/2/13  LAOSD Asbestos Cases CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| LAOSD ASBESTOS CASES | B241095 <br><br> (JCCP No. 4674; <br> Los Angeles County Super. Ct. <br> No. BC469790) |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Emilie H. Elias, Judge.  Reversed.

Brayton Purcell, Alan R. Brayton, Gilbert L. Purcell, and Lloyd F. LeRoy for Plaintiff and Appellant Barbara Ann Curran.

Carmen A. Trutanich, City Attorney, Richard M. Brown, General Counsel for Water and Power, and Lisa S. Berger, Deputy City Attorney for Defendant and Respondent City of Los Angeles acting by and through the Los Angeles Department of Water and Power.

Barbara Ann Curran (appellant) appeals from a final judgment entered in favor of the City of Los Angeles acting by and through the Los Angeles Department of Water and Power (collectively "the city") after the trial court sustained, without leave to amend, the city's demurrer to appellant's complaint.[1]  Appellant contends that the trial court erred in granting the demurrer on the ground that appellant did not timely file a claim under the Government Claims Act (Gov. Code, § 900 et seq.) (hereafter "the Act").[2]  We find that the complaint sufficiently alleges facts suggesting that the city waived the defense of untimeliness under section 911.3, subdivision (b).  We therefore reverse.

## FACTUAL BACKGROUND

Richard Curran performed maintenance and repair work at the Los Angeles Department of Water and Power's Haynes Powerhouse in Seal Beach, California from 1965 through the 1970's.  He insulated cokers, heat exchangers, piping, pumps, boilers and valve fittings.  Mr. Curran applied asbestos-containing block and pipe covering; insulation; and fibrous adhesive.

Mr. Curran also performed various jobs as an electrician at the Los Angeles Water Treatment Plant and the Los Angeles County Sewer Treatment plant.  This work included the installation of electrical wiring, which involved running, splicing and installing high voltage, asbestos-insulated wiring and cable.  As an employee of Owens Corning Fiberglas in the 1970's, Mr. Curran worked at the Los Angeles Department of Water and Power's Scattergood Powerhouse in El Segundo, California.  There, he performed insulation repair and replacement work throughout the powerhouse, which included cutting and installing asbestos-containing pipe and block insulation.  He also cut and installed asbestos cloth and mixed and applied asbestos-containing insulation cement.

---

[1]     Richard Curran was the original plaintiff in this case.  However, Mr. Curran died after this appeal was filed.  Barbara Ann Curran, his spouse, has been appointed successor-in-interest.  The term "appellant" in this case may refer to Richard Curran or Barbara Ann Curran, as successor-in-interest.

[2]     All further statutory references are to the Government Code unless otherwise indicated.

2

In the complaint in this action, appellant alleged that the city knew or should have known of the dangerous working conditions at the aforementioned premises, and negligently failed to abate or correct the hazardous conditions or warn Mr. Curran of the existence of the dangerous conditions.

Mr. Curran was diagnosed with asbestosis and asbestos-related pleural disease on December 11, 2009. Mr. Curran died on July 19, 2012.

## PROCEDURAL HISTORY

Appellant filed the complaint against the city on September 16, 2011. In it, appellant alleged that he complied with the Act. Specifically, appellant alleged: "On February 23, 2011, within the period for filing a claim, Plaintiff presented a claim for personal injury to Defendant."

Appellant further alleged: "As of the filing of this Complaint, Defendant has failed to comply with California Government Code sections 912.4 in that Defendant has not responded to the merits of the claim within the 45 days after presentation of the claim."

Appellant asserted that his claim was timely filed under section 901. Appellant explained that section 901 states that the date of accrual of a cause of action to which a claim relates is the same date upon which the cause of action would be deemed to have accrued under the statute of limitations which would be applicable if there were no requirement that a claim be presented. (§ 901.) Thus, appellant explained, the accrual date is based on Code of Civil Procedure section 340.2, which states that the time for commencement of a civil action for injury or illness based on exposure to asbestos is "the later of the following: [¶] (1) Within one year after the date the plaintiff first suffered disability; [¶] (2) Within one year after the date the plaintiff either knew, or through the exercise of reasonable diligence should have known, that such disability was caused or contributed to by such exposure. [¶] . . . 'Disability' . . . means the loss of time from work as a result of such exposure which precludes the performance of the employee's regular occupation." (Code Civ. Proc., §340.2, subds. (a) & (b).)

3

Appellant alleged that because he had retired from work at his regular retirement age, he "suffered no disability from his asbestos-related disease as defined in [Code of Civil Procedure] section 340.2 and may pursue claims at any time without bar."

On January 23, 2012, the city filed a demurrer to plaintiff's complaint. The city argued that appellant failed to state a cause of action because he did not allege compliance with, or excuse from, the six-month claim presentation requirement. The city pointed out that Mr. Curran was diagnosed with asbestos-related disease on December 11, 2009. Thus, the city argued, any cause of action related to that injury accrued on that date. The city's position was that any claim pertaining to a cause of action for personal injury must have been filed within six months of that date, or June 11, 2010. Alternatively, the city argued, appellant could have sought leave to present a late claim within one year. Since appellant did not present his claim until February 23, 2011, the city argued, his complaint failed to state a cause of action against the city.[3]

On February 7, 2012, appellant filed an opposition to the city's demurrer. Appellant argued that the statute had not yet begun to run on Mr. Curran's claims. The applicable statute of limitations, appellant argued, is Code of Civil Procedure section 340.2, which begins to run when a person becomes "disabled" due to his exposure to asbestos. Further, appellant argued, the city conceded that Mr. Curran had not been "disabled" by his asbestos-related disease within the meaning of Code of Civil Procedure section 340.2. Because his cause of action had not accrued under Code of Civil Procedure section 340.2, appellant argued, his six-month time limit for filing a claim had also not begun to run. Appellant attempted to distinguish *Hamilton v. Asbestos Corp.* (2000) 22 Cal.4th 1127, 1144-1145.) In *Hamilton*, the Supreme Court made it clear that

---

**3** The city made two alternative arguments in its demurrer: (1) that there is no statutory basis for any of appellant's causes of action; and (2) that the city did not receive a claim for damages filed for or on behalf of appellant. Since these two arguments did not form the basis for the trial court's ruling, we shall not discuss them in detail. However, we do note that appellant provided a declaration from a paralegal who mailed the claim on February 23, 2011; a certified mail receipt; and a return receipt indicating that the claim was mailed and was received by the city.

4

there is a difference between the "accrual of a cause of action for asbestos-related injury" and "the beginning of the limitations period prescribed by [Code of Civil Procedure] section 340.2." (*Ibid.*)  Appellant argued that the *Hamilton* case did not discuss the use of the term "accrue" in section 901.

The city filed a reply brief on February 10, 2012.  The city argued that the *Hamilton* court held that Code of Civil Procedure section 340.2 extended only the statute of limitations for filing an asbestos-related cause of action, and that it did not change the date on which the cause of action accrues.

The demurrer was heard on Thursday, February 23, 2012.  The court agreed with the city's position that the claim had to be filed within six months of accrual, and that the accrual date was different from the commencement of the running of the statute of limitations under Code of Civil Procedure section 340.2.  The city's demurrer was sustained without leave to amend.  A final judgment of dismissal was entered on June 25, 2012.  Appellant's appeal, filed May 8, 2012, was treated as an appeal from the June 25, 2012 judgment of dismissal.

## DISCUSSION

### I.  Standard of review

"On appeal from a judgment dismissing an action after sustaining a demurrer without leave to amend, the standard of review is well settled.  The reviewing court gives the complaint a reasonable interpretation, and treats the demurrer as admitting all material facts properly pleaded.  [Citations.]  The court does not, however, assume the truth of contentions, deductions or conclusions of law.  [Citation.]  The judgment must be affirmed 'if any one of the several grounds of demurrer is well taken.  [Citations.]' [Citation.]  However, it is error for a trial court to sustain a demurrer when the plaintiff has stated a cause of action under any possible legal theory.  [Citation.]  And it is an abuse of discretion to sustain a demurrer without leave to amend if the plaintiff shows there is a reasonable possibility any defect identified by the defendant can be cured by amendment.  [Citation.]" (*Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 966-

5

967.) The legal sufficiency of the complaint is reviewed de novo. (*Montclair Parkowners Assn. v. City of Montclair* (1999) 76 Cal.App.4th 784, 790.)

On demurrer, a trial court's stated reasons for its judgment do not limit our review. An appellate court may consider new theories on appeal from the sustaining of a demurrer to challenge or justify the ruling. (*Cantu v. Resolution Trust Corp.* (1992) 4 Cal.App.4th 857, 880, fn. 10 (*Cantu*).)

## II. Requirements of the Act

The Act confines potential government liability to """rigidly delineated circumstances."""" (*Zeliq v. County of Los Angeles* (2002) 27 Cal.4th 1112, 1127.) Specifically, the Act prescribes the time and procedure for filing claims against the government, and the conditions under which the government may be sued. (*Chase v. State of California* (1977) 67 Cal.App.3d 808, 811.) The Act requires that, before filing a complaint seeking money or damages against a governmental entity, (1) the plaintiff must present the claim to the relevant governmental entity; and (2) the entity must reject the claim. (See §§ 910, 911.2, 912.4, 912.6, 945.4.)

"Generally speaking, no suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to be presented until a written claim has been presented to the public entity and has been acted upon by the board, or has been deemed to have been rejected by the board. . . . [¶] Under . . . section 945.4, presentation of a timely claim is a condition precedent to the commencement of suit against a public entity." (*Munoz v. State of California* (1995) 33 Cal.App.4th 1767, 1776-1777.)

Section 911.2, subdivision (a), states that "[a] claim relating to a cause of action for death or for injury to person or to personal property . . . shall be presented as provided in Article 2 (commencing with Section 915) not later than six months after the accrual of the cause of action." Section 901 discusses the meaning of the term "accrual":

> "For the purpose of computing the time limits prescribed by Sections 911.2, 911.4, 945.6, and 946.6, the date of the accrual of a cause of action to which a claim relates is the date upon which the cause of action would be deemed to have accrued within the meaning of the statute of limitations

6

which would be applicable thereto if there were no requirement that a claim be presented to and be acted upon by the public entity before an action could be commenced thereon."

Once a potential plaintiff files a claim -- even if the claim is untimely -- the government has an obligation to respond or suffer a waiver of the defense of untimeliness. Section 911.3 provides:

"(a) When a claim that is required by Section 911.2 to be presented not later than six months after accrual of the cause of action is presented after such time without the application provided in Section 911.4, the board or other person designated by it may, at any time within 45 days after the claim is presented, give written notice to the person presenting the claim that the claim was not filed timely and that it is being returned without further action. The notice shall be in substantially the following form:

"'The claim you presented to the (insert title of board or officer) on (indicate date) is being returned because it was not presented within six months after the event or occurrence as required by law. See Sections 901 and 911.2 of the Government Code. Because the claim was not presented within the time allowed by law, no action was taken on the claim.

"Your only recourse at this time is to apply without delay to (name of public entity) for leave to present a late claim. See Sections 911.4 to 912.2, inclusive, and Section 946.6 of the Government Code. Under some circumstances, leave to present a late claim will be granted. See Section 911.6 of the Government Code.

"You may seek the advice of an attorney of your choice in connection with this matter. If you desire to consult an attorney, you should do so immediately.'

"(b) Any defense as to the time limit for presenting a claim described in subdivision (a) is waived by failure to give the notice set forth in subdivision (a) within 45 days after the claim is presented, except that no notice need be given and no waiver shall result when the claim as presented fails to state either an address to which the person presenting the claim desires notices to be sent or an address of the claimant."

Thus, under section 911.3, the filing of an untimely claim "triggers a duty by the public entity to notify the potential claimant of the claim's insufficiency stating, with

7

particularity, the defects or omissions. If the public entity fails to send this notice, it *waives* any defenses as to the sufficiency of the claim based upon a defect or omission." (*Green v. State Center Community College Dist.* (1995) 34 Cal.App.4th 1348, 1354, fn. omitted.)

## III. Waiver of the defense of untimeliness under section 911.3

In the complaint, appellant alleged that he presented his claim to the city on February 23, 2011. Appellant further alleged that the city did not respond to the claim within the required statutory time frame. Because we are reviewing a demurrer, we must assume these facts are true. (*Luther v. Countrywide Financial Corp.* (2011) 195 Cal.App.4th 789, 793.)

Appellant argues that, based on these facts, the city has waived its defense of untimeliness pursuant to section 911.3, subdivision (b).[4] The allegations on the face of the complaint support this argument. Thus, the demurrer was not properly sustained on the ground that appellant's claim was not timely filed.

In response, the city makes the following, somewhat convoluted argument: first, the city notes that under section 911.4, a person may apply to the public entity for leave to present a late claim within a reasonable time, not to exceed one year after the accrual of the cause of action. (§ 911.4.) If the application to file a late claim is denied, the claimant's only recourse is to file a petition for an order relieving him from the claims presentation requirement. (§ 946.6.) The city argues that when, as here, the initial claim has not been presented until more than a year after the cause of action has accrued, there is no procedure available to the claimant. Thus, the city argues, a public entity cannot respond to such a claim as mandated by section 911.3 without misrepresenting the law.

We reject this argument. First, section 911.3 contains only one specific exception to the requirement that the public entity respond to an untimely claim. Section 911.3, subdivision (b) provides that "no notice need be given and no waiver shall result when

---

[4] While it appears that appellant did not make this argument to the trial court, we may consider it for the first time on appeal. (*Cantu, supra*, 4 Cal.App.4th at p. 880, fn. 10.)

the claim as presented fails to state either an address to which the person presenting the claim desires notices to be sent or an address of the claimant." Section 911.3 contains no other exception to the requirement that the public entity respond to an untimely claim within 45 days. Specifically, it contains no exception indicating that the public entity need not respond if more than a year has passed since the date that the cause of action accrued. Under the plain language of section 911.3, the city was not exempt from responding to appellant's claim on the ground that more than a year had passed since the date appellant's cause of action had accrued. Nothing in the statutory scheme suggests that a public entity may choose not to respond to an untimely claim and then defend itself by declaring that the claim was not timely filed. Under those circumstances, a defense of untimeliness is waived under section 911.3, subdivision (b).

Second, the city need not misrepresent the law in order to respond to a claimant who has filed his claim more than a year after the date that his cause of action has accrued. The statutorily mandated notice is required to be phrased in substantially the following form pursuant to section 911.3, subdivision (a):

> "'The claim you presented to the (insert title of board or officer) on (indicate date) is being returned because it was not presented within six months after the event or occurrence as required by law. See Sections 901 and 911.2 of the Government Code. Because the claim was not presented within the time allowed by law, no action was taken on the claim.

> "Your only recourse at this time is to apply without delay to (name of public entity) for leave to present a late claim. See Sections 911.4 to 912.2, inclusive, and Section 946.6 of the Government Code. Under some circumstances, leave to present a late claim will be granted. See Section 911.6 of the Government Code.

> "You may seek the advice of an attorney of your choice in connection with this matter. If you desire to consult an attorney, you should do so immediately.'"

The city would not have been misrepresenting the law if it had provided a notice containing this language to appellant. The notice explains that the only recourse to the claimant is to file a request for leave to file a late claim. The notice does not suggest that

the request will be granted. It simply informs the claimant of the city's position that the claim was not timely filed. This is not a misrepresentation of the law.

The city next argues that once a limitations period has run, this defense cannot be waived or estopped. (*Citing Prudential-LMI Com. Insurance v. Superior Court* (1990) 51 Cal.3d 674, 690, fn. 5; *Magnolia Square Homeowners Ass'n v. Safeco Ins. Co.* (1990) 221 Cal.App.3d 1049, 1063.)[5] Here, the limitations period is the six-month period, commencing with accrual of the cause of action, during which the claimant may file a claim against the government. Contrary to the city's argument, this limitations period may be waived, as expressly stated in section 911.3, subdivision (b).

The city cites the policy goals of the Act, arguing that the "tightly controlled notice provisions" of the Act are intended to "'limit the potential for lawsuits against government entities.'" (*Roberts v. County of Los Angeles* (2009) 175 Cal.App.4th 474, 481.) The city contends that these goals would be thwarted if late claims were allowed indefinitely.

Our decision to enforce the plain language of section 911.3, subdivision (b), does not allow late claims indefinitely. Rather, section 911.3, subdivision (b) requires only that the public entity notify the claimant that his claim is not timely filed. Once he is so notified, the claimant knows whether the claim is being rejected on the basis of timeliness or on its merits. The claimant must know the reason for the rejection of the claim in order to assess the validity of that stated reason and determine the appropriate next steps.

The defense of untimeliness is waived only if the public entity fails to inform the claimant that his claim was rejected on that ground. If the public entity follows the proper procedure set forth in the statute, late claims will not be allowed indefinitely.

The city cites *County of Los Angeles v. Superior Court* (2005) 127 Cal.App.4th 1263, 1272 (*County*), for the proposition that "[n]o relief can be granted if the application to file a late claim is filed more than one year after the accrual of the cause of action." In *County*, a minor, N.L., alleged that she had been sexually assaulted as a minor in a

---

**5**     Neither of the cases cited by the city discusses the Act or the effect of section 911.3, subdivision (b) on untimely-filed claims.

10

juvenile facility. After N.L. was released from custody, her mother contacted an attorney who filed a timely claim with the county on behalf of N.L. (*Id.* at p. 1266.) On May 30, 2002, the county mailed a letter to the attorney, informing him that N.L.'s claim had been denied on March 14, 2002, and that with certain exceptions, he had only six months to file an action on the claim. However, the attorney did not receive the notice. (*Ibid.*)

On December 31, 2003, more than one and a half years after the county mailed its notice of the denial of N.L.'s claim, N.L. filed a complaint against the county. The county moved for summary judgment, arguing that N.L.'s cause of action was barred under the terms of section 945.6, in that N.L. failed to file her complaint within six months after the county filed its notice of denial of her claim. (*County, supra*, 127 Cal.App.4th at pp. 1266-1267.) N.L. opposed the summary judgment motion on the ground that Code of Civil Procedure section 340.1, the statute of limitations applicable to victims of childhood sexual abuse, governed the timeliness of her claim. The trial court agreed, but the Court of Appeal reversed, concluding that "the timeliness of N.L.'s action is governed by section 945.6, not [Code of Civil Procedure] section 340.1," and that her action was therefore time-barred. (*County*, at p. 1266.)

In response to N.L.'s argument that she was unaware of the actions of the attorney hired by her mother, the Court of Appeal noted that even if the actions of that attorney were a nullity, "N.L. has no recourse against the County at this time." (*County, supra*, 127 Cal.App.4th at p. 1272.) The Court of Appeal explained the applicable provisions of the Government Code, noting that if an application to file a late claim is denied, a court has no power to grant a petition for an order relieving the petitioner from the claims presentation requirement. (*Ibid.*)

The *County* court did not discuss section 911.3, or the language of section 911.3, subdivision (b) providing for waiver of the defense of untimeliness. "A decision 'is not authority for everything said in the . . . opinion but only "for the points actually involved and actually decided." [Citations.]'" (*People v. Mendoza* (2000) 23 Cal.4th 896, 915.) We therefore find that the case does not support the city's position that the demurrer was properly sustained on the ground of untimeliness.

11

**IV. Complaint was not subject to demurrer on grounds that the claim was untimely**

To survive demurrer, appellant was required to plead compliance with the government claim filing requirement. Appellant did so, alleging that "[o]n February 23, 2011, within the period for filing a claim, Plaintiff presented a claim for personal injury to Defendant." Appellant further alleged that the city did not respond to his claim.

As discussed above, section 911.3 provides that if the city does not provide notice to appellant that his claim is being rejected on the ground of untimeliness, any defense of untimeliness is waived. Because the complaint alleges that the city did not respond to appellant's claim, the complaint makes a prima facie showing that the defense of untimeliness was waived. The city's demurrer was not properly sustained on the ground that appellant's claim was not timely filed.

## DISPOSITION

The judgment is reversed. Appellant is entitled to her costs on appeal.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.
CHAVEZ

We concur:


_____, P. J.
BOREN


_____, J.*
FERNS


_____
* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

12