Filed 11/2/22

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| STATE DEPARTMENT OF STATE HOSPITALS,<br><br>  Petitioner,<br><br>v.<br><br>THE SUPERIOR COURT OF NAPA COUNTY,<br><br>  Respondent;<br><br>JANE DOE,<br><br>  Real Party in Interest. | A164384<br><br>(Napa County<br>Super. Ct. No. 21CV000760) |

Jane Doe alleges that an employee of the State Department of State Hospitals sexually abused her when Doe was a minor and ward of the state. Doe sued the Department, asserting causes of action for negligence (first cause of action), negligent supervision/training/hiring/retention (second cause of action), sexual battery (third cause of action), assault (fourth cause of action), and statutory civil rights violations (fifth cause of action). The Department demurred and then filed a petition for writ of mandate after the trial court sustained its demurrer in part (with leave to amend) and overruled it in part. We grant writ relief because Doe's complaint is barred by the Department's immunity under Government Code section 854.8, subdivision (a)(2).[1]

---

[1] Undesignated statutory references are to the Government Code.

1

## BACKGROUND

### A.

The Government Claims Act (§ 810 et seq.; the Act) sets out a comprehensive scheme of liability and immunity statutes that govern actions against public entities. (*State Dept. of State Hospitals v. Superior Court* (2015) 61 Cal.4th 339, 348 (*Dept. of State Hospitals*); *County of Los Angeles v. Superior Court* (2005) 127 Cal.App.4th 1263, 1267.) Under the Act, a public entity is not liable for injury except as otherwise provided by statute. (§ 815, subd. (a); *Dept. of State Hospitals, supra*, at p. 348.) Among the liability statutes, section 815.2, subdivision (a), provides that a public entity may be vicariously liable for injury caused by an act or omission of its employees acting within the scope of their employment. However, even if a public entity may be sued under a liability statute, the Act also includes immunity provisions that prevail in specified circumstances. (*Dept. of State Hospitals, supra,* at p. 348.)

### B.

Doe alleges that, when she was a minor and ward of the state confined at Napa State Hospital, she was sexually assaulted by a Department counselor between 1997 and 1999. In particular, Doe alleges that the counselor transported her and other female residents to a sleeping facility in the evenings. The counselor frequently provided medication that made the minor residents drowsy and then sexually assaulted Doe and others at the sleeping facility. She also adds conclusory allegations that the Department knew or should have known that the counselor had previously engaged in unlawful sexual conduct with other minors and that he continued to do so with Doe. Doe's complaint seeks damages for her injuries.

## C.

The Department demurred, arguing, in relevant part, that it is immune from liability pursuant to section 854.8, subdivision (a)(2). Doe opposed the demurrer, contending that an exception to the Department's statutory immunity applies under section 855, subdivision (a).

The trial court overruled the Department's demurrer in part and sustained it in part. With respect to immunity, the court overruled the demurrer as to Doe's first, third, fourth, and fifth causes of action, concluding that section 815.2 provides minimum personnel standards and thereby triggers the immunity exception in section 855. The trial court granted Doe leave to amend to "bring the second cause of action within the scope of the exception to section 854.8."

## D.

The Department filed a petition for writ of mandate. We issued an order to show cause. (See *Babb v. Superior Court* (1971) 3 Cal.3d 841, 851; see also *County of Sacramento v. Superior Court* (1972) 8 Cal.3d 479, 481.) Doe filed a return to the order to show cause and the Department filed a reply.[2]

---

[2] Doe contends that the Department's petition for relief has been mooted because, after the challenged order was entered, she filed a first amended complaint and the Department filed an answer. We reject the argument because Doe does not show that these developments make it impossible for us to provide effective relief. (See *Lockaway Storage v. County of Alameda* (2013) 216 Cal.App.4th 161, 174-175.)

3

## DISCUSSION

### A.

The Department argues that it is immune from liability on Doe's complaint pursuant to section 854.8. We agree.

### 1.

Public entities have broad immunity from liability for injuries suffered by an inpatient of a mental institution. (§ 854.8, subd. (a)(2); *Lockhart v. County of Los Angeles* (2007) 155 Cal.App.4th 289, 292 (*Lockhart*); *Guzman v. County of Los Angeles* (1991) 234 Cal.App.3d 1343, 1348-1349.) Specifically, the governing statute provides: "*Notwithstanding any other provision of this part, except as provided in* this section and in Sections 814, 814.2, 855, and 855.2, a public entity is not liable for: [¶] . . . [¶] (2) An injury to an inpatient of a mental institution." (§ 854.8, subdivision (a)(2), italics added.)

Section 854.8 means that a public entity generally cannot be directly sued for negligence or other torts committed by its employees that injure an inpatient at a mental institution. (*County of Los Angeles v. Superior Court* (1965) 62 Cal.2d 839, 844.) As the language italicized above makes clear, section 854.8 immunity prevails over all liability provisions of the Act—with the exception of sections 814, 814.2, 855, and 855.2. (*Guess v. State of California* (1979) 96 Cal.App.3d 111, 119; see *Dept. of State Hospitals, supra*, 61 Cal.4th at p. 348; *Creason v. Department of Health Services* (1998) 18 Cal.4th 623, 635.)

Doe relies largely on section 855. (§ 854.8, subdivision (a)(2).) Section 855, subdivision (a), provides: "A public entity that operates or maintains any medical facility that is subject to regulation by the State Department of Health Services, Social Services, Developmental Services, or Mental Health *is liable for injury proximately caused by the failure of the public entity to provide adequate or sufficient equipment, personnel or facilities*

4

*required by any statute or any regulation . . . prescribing minimum standards for equipment, personnel or facilities*, unless the public entity establishes that it exercised reasonable diligence to comply with the applicable statute or regulation." (Italics added.)

Section 855 does not apply when a plaintiff points to a purported violation of *any* other statute or regulation. (*Lockhart, supra,* 155 Cal.App.4th at pp. 307-308.) Rather, section 855, subdivision (a), is properly understood to impose liability "*only* when the statute or regulation sets forth a specific standard that gives the public medical facility clear notice as to the minimum requirements with which it must comply." (*Lockhart, supra*, at p. 308, italics added.)

**2.**

Doe contends that a different provision of the Act, section 815.2, establishes minimum personnel standards that trigger liability under section 855. The trial court erred by accepting her argument.

First, section 815.2 does not set any minimum standard for personnel. Section 815.2 provides: "(a) A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative. [¶] (b) Except as otherwise provided by statute, a public entity is not liable for an injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability." Furthermore, even if we accept (for the sake of argument) Doe's construction of section 855 under the last antecedent rule (see *White v. County of Sacramento* (1982) 31 Cal.3d 676, 679), section 815.2 does not require any "public entity to provide adequate or sufficient equipment, personnel or facilities." (§ 855.)

5

Second, Doe's argument fails for another, more fundamental reason: immunity under section 854.8, subdivision (a), is subject only to the exceptions set out expressly in the statute itself. Section 815.2 is not one of the exceptions. (See § 854.8, subd. (a) ["Notwithstanding any other provision of this part, except as provided in this section and in Sections 814, 814.2, 855, and 855.2 . . . ."].) Section 815.2 is, instead, merely a general liability provision of the Act, establishing vicarious liability for the acts or omissions of government employees. It is trumped by the specific immunity provision of section 854.8. (See *Dept. of State Hospitals, supra*, 61 Cal.4th at p. 348 ["[e]ven when a duty exists, California has enacted specific immunity statutes that, if applicable, prevail over liability provisions"]; *Creason v. Department of Health Services, supra,* 18 Cal.4th at p. 635 ["[i]f a specific immunity statute applies, it 'cannot be abrogated by a statute which simply imposes a general legal duty or liability' "].)

We must reject the trial court's interpretation of the Act. If a public agency can be vicariously liable, under section 815.2, whenever an employee of a mental institution injures a patient, it would eviscerate the immunity provided in section 854.8, subdivision (a)(2), and undercut the structure of the Act.

**3.**

Doe insists that she should be granted leave to amend so that she may have another opportunity to allege that her claims fall within the section 855 exception. We disagree.

Leave to amend should be granted if the plaintiff demonstrates that there is a reasonable possibility a defect can be cured by amendment. (*Zelig v. County of Los Angeles* (2002) 27 Cal.4th 1112, 1126.)

In her return, Doe contends she can amend her complaint to allege that the Department violated other statutes and regulations, including Penal Code section 11166, subdivision (a),

6

which requires mandated reporters to report known or suspected instances of child abuse. (See also Cal. Code Regs., tit. 22, § 71567, subd. (a)(2) [psychiatric hospitals shall report "allegations of sexual assault of a patient . . . within 24 hours after detection"].) But neither the statute nor the regulation "prescrib[es] minimum standards for equipment, personnel or facilities." (Gov. Code, § 855, subd. (a); *Lockhart, supra*, 155 Cal.App.4th at p. 307.) Furthermore, Doe does not indicate that she can amend her complaint to allege facts showing how these provisions were violated or proximately caused her injury.

Doe also maintains that the Department violated various staffing regulations—such as California Code of Regulations, title 22, section 71225, subdivision (c), which requires an acute psychiatric hospital to provide "[a] sufficient number of appropriate personnel . . . for the safety of the patients." (See also Cal. Code Regs., tit. 22, § 71501, subd. (a)(3) [mandating provision of "appropriate physical resources and personnel"]; *id.* § 71641, subd. (a) ["[H]ospital shall be clean, sanitary, and in good repair at all times. Maintenance shall include provision and surveillance of services and procedures for the safety and well-being of patients, personnel and visitors."]; *id.* § 71521, subd. (a) ["hospital shall recruit qualified personnel and provide initial orientation of new employees, a continuing in-service training program and competent supervision designed to improve patient care and employee efficiency"].)

Again, Doe does not demonstrate how she can factually allege the Department's failure to comply with the above regulations. Furthermore, all of the statutes and regulations she points to are too general to trigger the section 855 exception. (See *Lockhart, supra,* 155 Cal.App.4th at pp. 307-308.) *Lockhart* specifically held that regulations providing only broad goals—such as requiring " 'sufficient' " staff or equipment—are inadequate to trigger section 855 because they do not specifically

7

direct the manner in which the goal is to be attained. (*Lockhart,* at pp. 293, 308.) "The plain language of . . . section 855 clearly states that not all statutory or regulatory violations will provide a basis for liability, only those that prescribe minimum standards. . . . [Accordingly], regulations sufficient to establish liability under . . . section 855 must require something specific of the public entity, and not simply set forth a goal, leaving it to the entity's discretion as to how to meet that goal." (*Lockhart, supra*, at p. 309.)

None of the regulations Doe cites provide a "specific minimum standard" sufficient to put the Department on "notice as to the minimum requirements with which it must comply." (*Lockhart, supra*, 155 Cal.App.4th at p. 308.) The same holds true for Welfare and Institutions Code section 5325.1, subdivisions (b) and (c), which recognize the rights of persons with mental illness "to dignity, privacy, and humane care" and "to be free from harm, including unnecessary or excessive physical restraint, isolation, medication, abuse, or neglect."

Doe relies on a decision reached by this Division, in *Baber v. Napa State Hospital* (1989) 209 Cal.App.3d 213 (*Baber*), to support her assertion that she can establish a basis for liability under section 855, subdivision (a), by alleging the Department violated generally worded regulations.

In *Baber, supra*, 209 Cal.App.3d 213, the plaintiff sought to hold a public entity liable under section 855, subdivision (a), for violating similar regulations—i.e., those requiring " 'adequate space . . . to meet the needs of the [medical] service,' " " '[a] sufficient number of appropriate personnel,' " " 'appropriate physical resources and personnel,' " and that " '[t]he hospital . . . be clean, sanitary, and in good repair at all times.' " (*Baber, supra*, at p. 220.) Despite the statutory language indicating that qualifying regulations must " 'prescrib[e] minimum standards for equipment, personnel or facilities,' " the *Baber* court rejected the

8

public entity's position that the standards were insufficiently quantifiable or objective for a purported violation to overcome immunity. (*Id.* at pp. 217, 220.)

In reaching that determination, the *Baber* court explained that when the Legislature entrusted rulemaking authority to the Department of Health Services (former Health & Saf. Code, §§ 1275, 1276), the agency was granted the authority to adopt broad and flexible standards. (*Baber, supra*, 209 Cal.App.3d at pp. 219-220.) *Baber* also reasoned that, in the absence of sufficiently specific regulations, minimum standards could be established by collateral evidence—such as industry standards, "correspondence, directives, inspection reports or other official memoranda indicating more specifically what was required of the hospital during the relevant time period." (*Id.* at pp. 220-221.)

The Second District Court of Appeal, in *Lockhart,* explicitly disagreed with *Baber*'s interpretation of section 855, subdivision (a), noting its conflict with the statute's plain language. (*Lockhart, supra*, 155 Cal.App.4th at pp. 308-309.)

We decline Doe's request to ignore *Lockhart* and apply *Baber* instead. Notably, in the 15 years since *Lockhart* was decided, no published opinion has favored the *Baber* court's statutory construction over *Lockhart*'s. And our colleagues in Division Four of this Court have explicitly rejected the notion that broadly stated goals in regulations—such as those requiring hospitals to be " 'in good repair' " and entitling psychiatric patients " 'to be free from harm' "—are "minimum standards" sufficient to form the basis for liability under section 855, subdivision (a). (See *Johnson v. Alameda County Medical Center* (2012) 205 Cal.App.4th 521, 529-530; but see *id.*, at p. 530.)

We conclude that *Lockhart*'s reasoning is more persuasive than *Baber*'s. *Baber*'s holding—that section 855, subdivision (a), applies in the absence of *any* statute or regulation prescribing a minimum standard for equipment, personnel or facilities—is

9

inconsistent with the plain language of section 855, subdivision (a). Accordingly, we disapprove *Baber* and instead follow *Lockhart*. Because *Baber* was both wrongly decided and has not been followed by other courts of appeal, overruling it will not undermine the orderly administration of justice. (See *Estate of Sapp* (2019) 36 Cal.App.5th 86, 109 & fn. 9.)

Doe fails to demonstrate that she can allege the Department's violation of any minimum standard sufficient to form the basis for liability under Government Code section 855, subdivision (a). Accordingly, the trial court erred to the extent it both overruled the Department's demurrer on immunity grounds and sustained it with leave to amend.[3]

## DISPOSITION

Let a peremptory writ of mandate issue directing the superior court to vacate its order sustaining in part and overruling in part the Department's demurrer, and to enter a new order sustaining the demurrer, without leave to amend, on the ground that the Department is immune under section 854.8, subdivision (a)(2). The Department is entitled to its costs in this writ proceeding. (Cal. Rules of Court, rule 8.493(a).)

---

[3] We need not address the Department's alternative argument—that Doe's causes of action are barred because she did not present a claim within six months of when her cause of action accrued (Gov. Code, §§ 911.2, 945.4) and that the trial court erred in its construction of Code of Civil Procedure section 340.1, subdivision (q). We note only that the Legislature recently enacted another amendment to Code of Civil Procedure section 340.1, which will become effective on January 1, 2023. (See Stats. 2022, ch. 444, § 1 [enacted Sep. 19, 2022].)

10

_____
BURNS, J.

We concur:

_____
JACKSON, P.J.

_____
WISEMAN, J.*

A164384

---

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

11

Napa County Superior Court No. 21CV000760, Hon. Victoria D. Wood.

Rob Bonta, Attorney General, Danielle F. O'Bannon, Senior Assistant Attorney General, Lora D. Curtis, Supervising Deputy Attorney General, and Michelle D. Magarrell and Amie Bears, Deputy Attorneys General, for Petitioner.

Arias Sanguinetti Wang & Torrijos, LLP and Mike Arias, Elise R. Sanguinetti and Jamie G. Goldstein; Esner, Chang & Boyer and Stuart B. Esner and Holly N. Boyer, for Real Party in Interest.